111  881
121  519

</div>

<div align="center">

Macon Navigation Company *v.* Schofield's Sons.

</div>

Little, J.  1.  A person interested in litigation as a party to a case in a trial court may on motion be made a party plaintiff in error in this court, in connection with the person suing out the bill of exceptions, they being on the same side in the lower court, and the writ of error will not be dismissed on motion of the defendant in error because such person has not been served with the bill of exceptions.  *Western Union Tel. Co.* v. *Griffith*, 111 *Ga.* 551.

2. The secretary and treasurer of a company, who as such holds funds belonging to it, is not subject to a process of garnishment requiring him to answer what property or effects he has in his hands belonging to the company of which he is an officer; his possession of such property as an officer is possession by the company.  If such officer has been garnished as an individual, and he holds anything in his hands as an individual belonging to the company, such officer as an individual is subject to garnishment, and the property which he holds as an individual may be subjected to a debt against the company.

3. When the person who holds the office of secretary and treasurer of an incorporated company has been garnished, both as an officer of the company and as an individual, to answer what he is indebted to the company, or what effects belonging to it he has in his hands, and answers that as an individual he owes the defendant nothing and has none of its effects in his hands, but that as an officer of said company he has in his hands a given sum of money belonging to his company, it is error to enter a judgment against the garnishee for the amount admitted to be in his hands as an officer of such company.

<div align="center">

*Judgment reversed.  All the Justices concurring.*

Argued July 20, — Decided August 9, 1900.

</div>

Garnishment. Before Judge Nottingham. City court of Macon. September term, 1899.

*Arthur L. Dasher*, for plaintiff in error.
*Estes & Jones*, contra.