STEED, receiver, *et al. v.* SAVAGE *et al.*

When the trial court sustains a demurrer to an original petition, and at the
  same time allows an amendment to it, subject to future demurrer or answer,
  the case is not finally disposed of, and therefore the Supreme Court has
  no jurisdiction to pass upon an assignment of error complaining of the
  sustaining of such demurrer.

Argued October 5,— Decided October 17, 1904.

Practice in the Supreme Court.

*William E. Jackson,* for plaintiffs.
*W. H. Barrett* and *J. S. & N. M. Reynolds,* for defendants.

FISH, P. J.   " The petition of Clifford A. Steed as receiver of
the Weston Academy, and of William S. Roberts, surviving corpo-
rator thereof," for the recovery of described realty, was brought
against Elizabeth Savage and others, returnable to the April term
of Richmond superior court.   The petition alleged that the court
had directed Steed, as receiver, to demand possession of the prop-
erty and assets of the Weston Academy, and had authorized him,
as receiver, to institute suit to recover the realty in question.
The title relied on for recovery of the premises sued for, and
which was set out in the abstract attached thereto and exhibits,
was: (1) the will of Elizabeth Savage, probated in January,
1851, in which the land in dispute was devised to George Schley
and Andrew J. Miller, as trustees, " for the use and benefit, sup-
port and maintenance of . . William B. Savage and his wife and
children, during his life," and at his death to " go to and vest in
his wife and children then in life," with power in the trustees, or
the survivor of them, to sell such property with the consent of
William B. Savage, and to reinvest the proceeds of such sale
in other property at their or his discretion ; (2) charter of the
Weston Academy, granted October 13, 1856, for fourteen years ;
(3) deed from George Schley, as trustee, and William B. Savage
to the Weston Academy, executed December 18, 1856; (4) pos-
session, under this deed, by the Weston Academy to October 13,
1870, and from that date by the corporators, or the survivor of
them, until 1899, when W. S. Roberts, the only surviving cor-
porator, was ejected from the premises by the defendants.   An
amendment to the petition was allowed on June 27, 1904, alleg-
ing that William B. Savage died February 4, 1866.   The prayers

of the petition were: "Wherefore your petitioner prays: (*a*) A finding in his favor of the premises in dispute, that he may recover said premises and school-house as he has been by this court directed to do, under its said order of October 15, 1900, appointing him receiver, and authorizing the institution of this suit, and directing him to hold the same subject to the further order of this court." (*b*) That judgment may be had for mesne profits. (*c*) For process requiring defendants to answer "your petitioner's complaint, and petitioner will ever pray, etc. Wm. E. Jackson, petitioner's attorney." At the April term, 1903, defendants demurred generally and specially to the petition. Subsequently, on June 2, 1903, and at the same term, an amendment was offered to the petition. This amendment stated the case as that of " C. A. Steed, Rec'r, *v.* E. N. Savage *et al.*," and began as follows: " And now comes the plaintiff in the above-stated case . . and amends his petition heretofore filed, and further alleges, that since filing his said petition he has ascertained and now alleges that on Dec. 19, 1881," defendants executed a deed to the premises in dispute to Louise Achey, to secure a debt they owed her; that she subsequently secured a judgment on the debt against them in the United States court; that the premises were regularly sold by the United States marshal, under an execution issued upon such judgment, and were purchased at such sale by Louise Achey, to whom the marshal executed a deed; that she subsequently conveyed the premises to the Augusta and Summerville Land Company, and that this company, on June 1, 1903, by quitclaim deed, conveyed the premises to " C. A. Steed, as receiver of the Weston Academy." It was further alleged in the amendment, that William B. Savage and his wife had been dead forty years, and that Thomas B. Savage, child of William B., died in 1902 ; and that the defendants, if they ever had any rights in the premises, had lost them by long lapse of time. The amendment concluded with a prayer for judgment for the plaintiff against the defendants for the premises in dispute, and alleged that the amendment set forth the abstract of title to which it related. Defendants acknowledged service of this amendment. On consideration of the demurrer to the original petition and the question as to the allowance of the amendment offered thereto, the court, on June 27, 1904, ordered that the demurrer to the

original petition be sustained, upon each and every ground thereof, and further ordered, that inasmuch as the proposed amendment set up a new cause of action, dependent upon different facts from those alleged in the original petition, the amendment was allowed, and the case as made by it should remain in court, and that defendants were allowed until the next term of court to demur or answer to the cause of action set out in the amendment. The order closed as follows: " The allowance of said amendment shall not be construed to affect the judgment sustaining the demurrer to the original petition." To the ruling of the court in sustaining the demurrer to the original petition, Steed, as receiver, and Roberts, as surviving corporator, excepted.

The Civil Code, § 5526, declares: " No cause shall be carried to the Supreme Court upon any bill of exceptions, so long as the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause, or final as to some material party thereto ;" and provides for the filing of exceptions pendente lite. We do not think that the order of the court, in the present case, sustaining the demurrer to the original petition and allowing the amendment, with leave to the defendants to demur to or answer the same at the next term, was a final disposition of the case. The original petition was not dismissed in express terms by the order, but was held to be open to all the grounds set forth in the demurrer. Certainly the formal parts of the petition, in the absence of its express dismissal, remained in court; for, unless this were true, we can not understand how the court could allow the amendment to the petition, subject to demurrer at the next term. If the original petition was dismissed, then there was nothing remaining in court to which the amendment could possibly relate, and yet the amendment was allowed, subject to future demurrer and answer. The court could not sustain the demurrer to the original petition and dismiss it, and at the same time allow an amendment to it, subject to future demurrer and answer. The amendment, unaided by the allegations in and the exhibits attached to the original petition, necessary to show the capacity in which the plaintiff, Steed, brought the suit, his right to institute it, the original source from which the title which he set up in the amendment was de-

rived, the description and identification of the property for which the suit was brought, and the parties who were holding it adversely to him and from whom he sought to recover its possession, was but a fragment of a case, and could not be considered as a new and distinct proceeding by Steed, as receiver, to recover the property described in the original petition. Unless the order of the court be construed as, in effect, merely striking the allegations of the original petition as to the particular title upon which the receiver relied for a recovery, and leaving the case in court, to be amended by the allegations setting up title derived in a different way, the order sustaining the demurrer to the original petition and at the same time allowing an amendment thereto, subject to future demurrer and answer, is self-contradictory and inconsistent with itself. We think the legal effect of this order was as above indicated. It is suggested that the sustaining of the demurrer was a final disposition of the case as to Roberts, surviving corporator, and that as he is one of the plaintiffs in error, the writ of error is not premature as to him. The reply to this suggestion is that Roberts, as surviving corporator, is not a material party to the case. He seeks to establish no right, and invokes no remedy. An exhibit to the original petition shows that he, as surviving corporator, brought the petition asking for the appointment of a receiver to institute this suit, and that Steed was appointed such receiver, and authorized and directed, in the order appointing him, to bring this action against the defendants; and all the allegations of the original petition and the prayers therein show that Steed, as receiver, was the only real party plaintiff.

As, under our view, this court has no jurisdiction of the writ of error, for the reason that the case is still pending in the court below, we are constrained to dismiss the writ. The question as to whether this writ of error was prematurely sued out not being free from doubt, the plaintiffs in error will be permitted, if they see proper to do so, to file, as exceptions pendente lite, the copy of the bill of exceptions retained in the office of the clerk of the superior court.

*Writ of error dismissed, with direction. All the Justices concur, except Lamar, J., disqualified.*