### RAMEY *et al. v.* O'BYRNE *et al.*, receivers.

1. Where a suit was brought by certain persons as receivers of the "Southern Mutual Building and Loan Association," and in a bill of exceptions sued out by the defendant the plaintiffs are described as receivers of the "Southern Mutual Loan Association," the error in description may be corrected from the record by amendment in the Supreme Court.
2. Where a writ of error is sued out by one party who is entitled to except, an amendment may be made in the Supreme Court adding as plaintiffs in error the names of all other persons who were coparties with the plaintiff in error in the court below and who may appear from the record to be proper or necessary parties plaintiff in error.
3. A judgment overruling a demurrer to a petition is proper matter for direct exception, as a ruling which would have been final " if it had been rendered as claimed " by the defendant.
4. The statutory action in this State for the recovery of real property is a mixed action, being partly an action ex delicto, but mainly to recover possession of the land. It is in no sense an action ex contractu.
5. It follows that it is not permissible for the grantee in a security deed to join in the same action a suit against the widow of the deceased grantor, to

recover the land described in the deed, and a suit against the administrator of the grantor's estate, to recover a judgment on the debt secured by the deed.

Argued November 17,—Decided December 21, 1904.

Complaint for land.   Before Judge Henry.   Floyd superior court.   June 28, 1904.

This was an action instituted by J. A. Anderson and M. A. O'Byrne, as receivers of the " Southern Mutual Building and Loan Association."   The petition alleged, in substance, as follows: On November 26, 1894, William Ramey executed to the building and loan association a deed to a described tract of land to secure a loan.   Ramey has since died, and E. P. Treadaway has been appointed administrator of his estate.   There is now due on the debt of Ramey to the association a named sum.   Mrs. William Ramey, widow of William Ramey, has, since February 5, 1897, been in possession of the land described in the deed, receiving the rents and profits, and refuses to surrender possession to plaintiffs. Mrs. Ramey and Treadaway as administrator refuse to pay the balance of the debt to the association, although the same is past due.   The prayers were, (1) that writ of possession issue in favor of the plaintiffs to the land described in the deed; (2) that they have judgment against Mrs. Ramey for rents and profits since January 1, 1897; (3) " that if the equity of the case demands, that they have judgment against E. P. Treadaway, administrator as aforesaid, for their debt, principal and interest, with . . a special lien against the premises described;" (5) that process issue against Mrs. Ramey and Treadaway as administrator. Pending the action, Anderson, one of the plaintiffs, died, and Weaver as coreceiver was made a party plaintiff in his stead. Mrs. Ramey demurred to the petition, on the grounds of misjoinder of parties defendant and misjoinder of causes of action, in that plaintiffs sought to unite in one suit an action ex delicto against Mrs. Ramey, to wit, the recovery of land, and an action ex contractu, to wit, a recovery against the administrator on the debt of his intestate.   There were also special demurrers to certain paragraphs of an amendment to the petition.   The court struck one of the paragraphs of the amendment, and overruled the other grounds of the demurrers.   Mrs. Ramey excepted.

Upon the call of the case in this court the defendants in error moved to dismiss the writ of error, (1) because the association of

which they were receivers is described in the bill of exceptions as "The Southern Mutual Loan Association of Atlanta, Ga.," and in the petition as "The Southern Mutual Building & Loan Association of Atlanta, Ga.;" (2) because E. P. Treadaway as administrator is not a party to the bill of exceptions; and (3) because the judgment complained of is not matter for a direct bill of exceptions, but only for exceptions pendente lite in the trial court until a final judgment in the case is rendered. In response to the first and second grounds of the motion to dismiss, counsel for the plaintiff in error moved to amend the bill of exceptions by the record, to correct the misnomer in the description of the loan association, and to make E. P. Treadaway as administrator a party plaintiff in error with Mrs. Ramey.

*Halsted Smith* and *Max Meyerhardt*, for plaintiff in error.
*Denny & Harris*, contra.

COBB, J. 1. Misnomers in the description of parties to a writ of error are not necessarily fatal. If the variance is not substantial, and it is clear that the party referred to in the bill of exceptions and the record is the same, a dismissal will not result. *Palatine Ins. Co.* v. *Dickenson*, 116 *Ga.* 794; *Fussell* v. *Dennard*, 118 *Ga.* 270 (4). It need not be determined whether the variance in the present case is so substantial as to work a dismissal if left uncorrected. While a writ of error can not be amended so as to strike out the name of one person and substitute that of another who was the real party in the trial court (*Arnold* v. *Wells*, 6 *Ga.* 380 (3)), a misnomer in the description in the bill of exceptions of one who was a party in the court below may be corrected by amendment. *Dupon* v. *McLaren*, 63 *Ga.* 470; *White* v. *Cook*, 73 *Ga.* 164 (1). See also Civil Code, § 5570. The motion to amend the bill of exceptions, so as to correct the description of the loan association of which the plaintiffs were receivers will be granted.

2. It is settled from the earliest history of this court, that where a writ of error is sued out by one entitled to except, an amendment may be made in the Supreme Court for the purpose of adding as coplaintiffs in error all parties in the court below who the record shows could have united in suing out the writ of error; and this, too, without giving notice to the parties so added. *Carey*

v. *Giles*, 10 *Ga.* 1 (7); *McNulty* v. *Pruden*, 62 *Ga.* 135 (1); *Sharp* v. *Findley*, 71 *Ga.* 654 (6); *Culver* v. *Mullally*, 94 *Ga.* 644 (1); *Steele Lumber Co.* v. *Laurens Lumber Co.*, 98 *Ga.* 329 (1); *Western Union Tel. Co.* v. *Griffith*, 111 *Ga.* 551 (1); *Macon Nav. Co.* v. *Schofield*, 111 *Ga.* 881 (1), and cit. Parties so made may unite with the original plaintiff in error in the assignments of error which he has made, or they may sever and seek to uphold the judgment. *Carey* v. *Giles*, supra; *Steele Co.* v. *Laurens Co.*, supra; *Western Union Tel. Co.* v. *Griffith*, supra. A writ of error sued out only by a person not entitled to except is void, and can not be amended so as to insert as a plaintiff in error the name of a person who would have been entitled to sue out the writ. *Swift* v. *Thomas*, 101 *Ga.* 89 (2). See also *Berendt* v. *McHugh*, 121 *Ga.* 97. The amendment making Treadaway as administrator a party plaintiff in error will be allowed.

3. The third ground of the motion to dismiss the writ of error is obviously without merit. A party may in this State except either to a final judgment adverse to him, or to one which would have been final "if it had been rendered as claimed" by him. Civil Code, § 5526. To the latter class of judgments belongs a ruling overruling a demurrer to a petition. *Central R. Co.* v. *Denson*, 83 *Ga.* 266 (2). See also *Savannah Ry. Co.* v. *Renfroe*, 115 *Ga.* 774 (1), and *Long* v. *State*, 118 *Ga.* 319 (1), which related to the overruling of a demurrer to an indictment.

4, 5. As we construe the petition, it undertook to set forth two causes of action; one against Mrs. Ramey for the recovery of land of which she was in possession, and another against the administrator of the estate of Ramey for the recovery of a judgment on a debt due by his intestate, with a prayer that the judgment be made a special lien on the land in possession of Mrs. Ramey. The petition therefore was subject to the objection that it contained "distinct and separate claims . . against different persons." Civil Code, § 4938. The code also provides that all claims arising ex contractu may be joined in one action; and that all claims arising ex delicto may be so joined. Civil Code, § 4944. By implication from this section, as well as by express provision of the section first cited, claims belonging to the two different classes can not be joined. The writ upon which the action of ejectment was founded was a mere action of trespass, in which

damages only were recoverable.　Tyler on Ejectment, 34; *Cumming* v. *Butler*, 6 *Ga.* 91.　Afterwards, under the action of ejectment, the land as well as damages could be recovered.　Chitty speaks of this action as a mixed action.　1 Chit. Pl. 125.　This court has said that ejectment "is not strictly an action for a tort, but is a mixed action, partly and nominally for a tort, but mainly to try title to land."　*Lopez* v. *Downing*, 46 *Ga.* 120.　The fact that in this State, since the act of 1834, mesne profits are recoverable, does not change the nature of the action; for mesne profits are in the nature of damages, and other damages may be recovered in the action for trespasses committed while the defendant was in possession.　*Cunningham* v. *Morris*, 19 *Ga.* 583; *Ezzard* v. *Mining Co.*, 74 *Ga.* 523.　Our statutory action for the recovery of real property is the successor of the old action of ejectment, and follows it in many important respects.　The difference is mainly in procedure, being a simpler and more direct method of accomplishing the same purpose.　In it mesne profits may be recovered, as well as such other damages as could have been recovered in the old action.　See, in this connection, 10 Am. & Eng. Enc. Law (2d ed.), 472.　The statutory action, therefore, may also be characterized as a mixed action.　It is certainly not, under any view of it, an action ex contractu, and can not be joined with such an action.　We think, therefore, that the court erred in overruling that ground of the demurrer which set up that the petition sought to set forth two separate and distinct causes of action against different persons.

We do not, however, think that there was a misjoinder of parties defendant.　If a simple action of ejectment had been brought against Mrs. Ramey as the tenant in possession, and the administrator had claimed an interest in the land, he could have been made a party defendant by simply serving him with a copy of the petition, and he would have been bound by the judgment.　Civil Code, § 5001.　If this is so, there would seem to be no good reason why he might not have been sued jointly with the tenant in possession in the first instance.　On the other hand, if the suit had been simply to recover a judgment against the administrator on the debt due by his intestate, with a special lien on the land, Mrs. Ramey, as the widow and heir at law of the intestate, would not have been a necessary, even if a proper party defendant.　The

petition, however, does not join Mrs. Ramey and the administrator as defendants to either cause of action, but undertakes merely to set up a separate and distinct cause of action against each of them alone.

The defendants in error asked that, in the event of a reversal, direction be given that they be allowed to amend so as to relieve the petition of any infirmity that may be therein. As the demurrer was overruled, and the case will not be dismissed until the remittitur is entered and the judgment of this court made the judgment of the trial court, no such direction is necessary, but the plaintiffs are at liberty to amend at any time before a judgment of dismissal is entered. See *Cooper* v. *Brewing Co.*, 113 *Ga.* 3, and cit.        *Judgment reversed. All the Justices concur.*