### COOPER et al. v. WHITEHEAD et al.

GILBERT, J. 1. The motion to dismiss the writ of error is without merit. The plaintiffs in error complain of the refusal to dismiss the case. Had the court ruled as demurrants claimed, such ruling would have been "a final disposition of the cause." In such case this court has jurisdiction. Civil Code (1910), § 6138; *Ramey* v. *O'Byrne*, 121 *Ga.* 516 (3) (49 S. E. 595); *Ray* v. *Hicks*, 146 *Ga.* 685 (92 S. E. 48). The following cases, cited by defendant in error, are not applicable: *Jackson* v. *Green*, 58 *Ga.* 460; *Steed* v. *Savage*, 121 *Ga.* 84 (48 S. E. 689); *Canuet* v. *S. A.-L. Ry.*, 128 *Ga.* 41 (57 S. E. 92). In the *Steed* case the petition was not dismissed in express terms. "In the absence of express dismissal, [it] remained in court." The other two cases dealt with demurrers and leave to amend to meet them.

2. This case comes before the court, consisting of the entire bench of six Justices, on the question of whether the trial court erred in overruling the general demurrer to the petition. All of the grounds of the said demurrer are fully quoted in the statement of the case following.

(a) This court stands evenly divided as to the judgment on grounds 1, 2, 3, and 7 of the demurrer; Russell, C. J., and Atkinson and Hill, JJ., being of the opinion that the court did not err; and Beck, P. J., and Gilbert and Hines, JJ., being of the contrary opinion; and the judgment in this respect stands affirmed by operation of law.

(b) As to the judgment on the remaining grounds, all the Justices are of the opinion that the trial court did not err. Civil Code (1910), 4630; *Eagan* v. *Conway*, 115 *Ga.* 130 (41 S. E. 493)'.

*Judgment affirmed.*

No. 5520. FEBRUARY 15, 1927.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. June 11, 1926.

Annie V. Whitehead filed suit against J. W. Cooper Jr., Victor H. Smith, and his wife, Mrs. Marie Angier Smith, in Fulton superior court, alleging in substance that Cooper was a resident of said county and the two other defendants residents of the State of Florida; that on May 2, 1922, petitioner was owner in fee simple of certain described lands in Baker and Warren Counties, Georgia, and was by her tenants in possession thereof, the same having constituted part of the estate of her husband, James Whitehead, late of Warren County, who had by his last will and testament devised the same to petitioner during her life or widowhood and at her death or marriage to his certain children, who quitclaimed to petitioner all their right, title, and interest therein;

Appeal and Error, 3 C. J. p. 433, n. 7; p. 441, n. 45; p. 444, n. 60; p. 457, n. 29; p. 497, n. 26; p. 504, n. 46; 4 C. J. p. 1122, n. 35.
Cancellation of Instruments, 9 C. J. p. 1232, n. 80.
Courts, 15 C. J. p. 966, n. 78.

that on said date Cooper transferred and assigned to petitioner a bond for title theretofore executed to him by H. B. McKenzie, obligating McKenzie to convey to Cooper an apartment house in the City of Atlanta and the land upon which the same was situated; that said bond for title recited a consideration consisting of said Baker and Warren County lands exchanged on May 2, 1922, by petitioner for the property described in said bond for title in pursuance of a "supposed" contract between petitioner and Cooper, dated March 27, 1922, a copy of which, as well as of said conveyances exchanging said Baker and Warren County lands, was attached to the petition; that the lands transferred by petitioner were free from liens, except that one farm thereof was encumbered by a mortgage for $15,000, the value of all said lands transferred being $260,000; that said apartment property, known as the Elmwood Apartments was, on the other hand, encumbered to its full value by mortgages totaling on their face $107,365, besides interest, and by purchase-money notes totaling $60,000 besides interest, all of which mortgages and purchase-money notes were to be assumed by petitioner, so that in fact she received nothing whatsoever for her said lands, and her said deeds were executed for such gross inadequacy of consideration as amounted to no consideration whatsoever; that by the terms of said supposed contract Cooper should pay petitioner $20,000, which was to be used to apply on mortgages Cooper was bound to pay, save the sum of $6,700 which was received by E. D. Duncan, the agent of defendants, who was entitled to no sum from petitioner; that said transaction was brought about through a conspiracy between Cooper, Duncan, and Victor H. Smith to defraud petitioner; that they represented to her that said apartment property was worth $350,000 and the rents therefrom were $32,640 per year, far in excess of charges and expenses, whereas said apartment property was worth no more than the incumbrances thereon, and the rents were less than half the amount represented and wholly insufficient to meet said charges and expenses, all of which was known to said Cooper, Duncan, and Smith before the execution of said supposed contract or deeds; that petitioner was 80 years of age, a widow without business experience, with little or no will power, easily susceptible to undue influence, and ignorant of apartment-house values in Atlanta; that they took advantage of her age,

ignorance of the facts, weakness and mental incompetency, to defraud her; that said children only quitclaimed their remainder interests because of threats of said three defendants to sue petitioner for damages and put her in jail if she did not execute said deeds after she had signed said contract; that Cooper executed a deed or deeds to Marie Angier Smith to said property conveyed by petitioner, as a part of said conspiracy; that petitioner did not discover the full extent of said fraud, the true value of said property, and rents derived therefrom (which were being applied directly to said incumbrance by Duncan, who had induced petitioner to allow him to collect said rents), until on or after January 1, 1923, when it developed that said income was insufficient to pay said interest and expenses, and the incumbrancers were threatening to foreclose, when petitioner immediately tendered the property back to Cooper, Smith, and his wife, and demanded a rescission of said contract and restitution of her property, and has continuously so done, which defendants have refused; that then, in order to save said apartment property, a foreclosure on which would not have satisfied said incumbrances, one Jeter procured G. L. Miller & Company to issue and sell bonds on said property to take up said incumbrances and place thereon one mortgage executed by petitioner, in favor of itself as trustee, which was just sufficient to do so, petitioner being unable to obtain renewals of said incumbrances; that Jeter had assisted defendants in procuring her signature to said contract and in representing that said rents were more than enough to meet said incumbrances, and hence interested himself in plaintiff's behalf to save said property in order to prevent the said foreclosure; that petitioner willingly tenders to defendants any amount, in excess of said original incumbrances, represented by said bonds, if it should appear that said bonds exceed in the aggregate the sum of said original incumbrances, so that the parties will be restored to the status before said contract and deeds were executed; that Smith and wife have received the rents and profits of petitioner's lands since May 2, 1922, amounting to $15,000 annually, whereas petitioner has received nothing from said apartment property, because the rents were consumed in paying charges and expenses; that said contract and deeds are void, yet each of them constitutes a cloud upon petitioner's titles to the respective lands, and should be canceled.

Petitioner, being remediless except in equity, prayed that said contract of March 27, 1922, be rescinded and that the deeds in pursuance thereof be canceled; that title in said lands be decreed in petitioner; that Victor H. Smith and wife come to an accounting as to rents and profits, petitioner agreeing to account for the same on said apartment property if upon an accounting it should appear any sum is due defendants; that the defendants be restrained from conveying or encumbering said lands or complicating the titles thereto; that non-resident defendants be served by publication; that G. L. Miller & Company be made a party; for such other relief as the court should deem proper; and for process.

To the petition the defendants interposed general and special demurrers. The grounds of general demurrer were as follows: 1. No cause of action is therein set out. 2. The facts alleged are insufficient in law or in equity to authorize the granting of any of the relief prayed for. 3. It affirmatively appears from the allegations of the petition that after the plaintiff was fully advised of all of the alleged facts of which she now complains, she exercised affirmative, direct, and important acts of ownership over the said property deeded to her, of such a character as to amount to an election to ratify the transaction and to bar any suit by which she now seeks to have the same rescinded. 4. It affirmatively appears from the allegations of the petition that the plaintiff has delayed to such an extent in taking any action with regard to the matters set out in the suit that she is barred by her laches from seeking any of the relief prayed for. 5. The alleged misrepresentations set out in the suit consisted only of such matters of opinion as can not be made the basis of a rescission of her contract, or of matters as to which plaintiff had full opportunity herself to ascertain the exact facts. 6. The petition does not set out any misrepresentations which are sufficient in law or in equity to justify a rescission of the contract. 7. It affirmatively appears from the petition that the plaintiff can not restore the status as it existed before the transaction, and is not offering to restore the status as it existed before the transaction. The general demurrer was overruled. Two special grounds of demurrer were sustained. Error is assigned on the judgment overruling the general demurrer only. On the hearing in this court the defendant in error moved to dismiss the bill of exceptions, on the ground

that the same was premature, and that "it appears from the order on demurrer excepted to that said order was [not?] in a final judgment."

*Little, Powell, Smith & Goldstein,* for plaintiffs in error.

*J. K. Jordan* and *Anderson, Rountree & Crenshaw,* contra.