20553. GEORGIA POWER COMPANY *v.* RICHARDS.

742

Decided February 18, 1931.

*E. P. & J. Cecil Davis,* for plaintiff in error.

*J. P. Wilhoit, M. L. Felts,* contra.

Bell, J. In the instant suit for damages the trial judge, on March 14, 1930, passed an order overruling the general grounds and sustaining several special grounds of a demurrer to the petition, and then in the same order provided that "the plaintiff have until and through the 25th day of March, 1930, to amend her petition to meet the grounds of the special demurrer above and herein sustained, and that copy of said amendment be served on the defendant, or its counsel, within five days thereafter." The defendant on April 7, 1930, sued out a bill of exceptions assigning error upon the judgment so far as it overruled the demurrer, and in the bill of exceptions indicated nothing as to whether any further proceedings were had in the trial court.

The judgment complained of shows upon its face that it was not intended to be final, and the bill of exceptions must therefore be dismissed for want of jurisdiction in this court to entertain it. *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136) ; *Steed* v. *Savage,* 121 *Ga.* 84 (48 S. E. 689) ; *Lovelace* v. *Browne,* 126 *Ga.* 802 (2) (55 S. E. 1041) ; *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902) ; *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300) ; *Cooper* v. *Whitehead,* 163 *Ga.* 662 (136 S. E. 911) ; *Massengale* v. *Colonial Hill Co.,* 34 *Ga. App.* 807 (131 S. E. 299) ; *Smith* v. *Bugg,* 35 *Ga. App.* 317 (2) (133 S. E. 49). A defendant may except, of course, to the overruling of a general demurrer to a petition ; since "the judgment complained of, if it had been rendered as claimed by plaintiff in error, would have been a final disposition of the cause." Civil Code (1910), § 6138; *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505). But in the application of this rule it must appear that the judgment was unconditional and left nothing for further adjudication by the trial court

with regard to the sufficiency of the petition. Where upon a consideration of the entire order it purports to be provisional only, showing that the court contemplated the possibility of an amendment to the petition and a consequent further consideration of its sufficiency, the order must be construed as containing such a reservation of jurisdiction of the subject-matter by the trial court as to prevent the acquiring of jurisdiction by this court. In case of such amendment, the petition might or might not be subject to general demurrer, and it is clear that this question, with the right to determine it, was held in abeyance pending such contingency.

While the defendant in error has made no motion to dismiss the bill of exceptions, it is the duty of a reviewing court to raise the question of its own jurisdiction. *Welborne* v. *State,* 114 *Ga.* 793 796 (40 S. E. 857); *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879). Under the particular facts appearing, leave is granted to treat the official copy of the bill of exceptions filed in the office of the clerk of the trial court as exceptions pendente lite, if the plaintiff in error should desire to do so.

*Writ of error dismissed, with direction. Jenkins, P. J., and Stephens, J., concur.*