COPPEDGE *v.* ALLEN *et al.*

No. 10223.   NOVEMBER 14, 1934.

680

682

*Drennan & Giles,* for plaintiffs in error.

*H. C. Holbrook, J. Mallory Hunt, James R. Venable, E. L. Douglas, L. C. Dotson, T. M. Stubbs,* and *W. D. Thomson,* contra.

BELL, J. (After stating the foregoing facts.)

■ There is no merit in the motion to dismiss the writ of error. A judgment overruling a general demurrer to a petition is a proper matter for a direct bill of exceptions. Civil Code (1910), § 6138; *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (3) (49 S. E. 595) ; *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505) ; *Cooper* v. *Whitehead,* 163 *Ga.* 662 (136 S. E. 911).

■ The petition as originally drawn was subject to demurrer on the ground that it contained a misjoinder of causes of action and of parties defendant. It was predicated upon separate and distinct contracts which appeared to have been made by the defendants separately and individually, and the causes of action, if any, were not related. "Distinct and separate claims of or against different persons can not be joined in the same action." Civil Code (1910), § 5515. In *White* v. *North Georgia Electric Co.,* 128 *Ga.* 539 (58 S. E. 33), the principle of law stated in this section was said to be applicable in equity cases. There must be a "common nexus." *Brumby* v. *Board of Lights & Waterworks,* 147 *Ga.* 592 (3), 597 (95 S. E. 7) ; *Hermann* v. *Mobley,* 172 *Ga.* 380 (158 S. E. 38). For the purpose of meeting the demurrer, the plaintiff offered an amendment alleging in effect, that, notwithstanding the

contracts were executed separately by the defendants as individuals, the business conducted was in reality a partnership composed of T. L. and W. H. Coppedge, and that the debts first alleged against each of them separately were "really and truly the obligations of both T. L. and W. H. Coppedge;" but that if it should be determined that a partnership did not exist, an accounting should nevertheless be had, in order to ascertain what items would be chargeable to each defendant alone. The court erred in allowing this amendment. The amendment is ambiguous, and leaves a doubt as to the exact theory upon which the plaintiff sought to introduce the partnership relation. If he is still relying upon the contracts as agreements by the two separate individuals, he is confronted by the rule that an action is not maintainable against a partnership on the contract of an individual. *Wood* v. *Martin,* 115 *Ga.* 147 (2) (41 S. E. 490) ; *Pope* v. *Jennings,* 34 *Ga. App.* 496 (130 S. E. 348). On the other hand, if the amendment was intended to aver that the contracts, though executed by individuals separately, were in fact the contracts of a partnership, the plaintiff was attempting to add a new and distinct cause of action, and the amendment was equally objectionable on this ground. This is true for the reason that the contracts referred to in the amendment would be different from the contracts pleaded in the original petition, in that, instead of embodying distinct obligations of separate individuals, they would each create a liability against two persons, and also a liability against the partnership of which said persons were members. See, in this connection, *Lamar* v. *Lamar Drug Co.,* 118 *Ga.* 850 (45 S. E. 671) ; *Southern Railway Co.* v. *Parramore,* 119 *Ga.* 690 (46 S. E. 822) ; *George W. Muller Co.* v. *Georgia Savings Asso.,* 143 *Ga.* 840 (85 S. E. 1018) ; *McKenzie* v. *Miller,* 6 *Ga. App.* 828 (2) (65 S. E. 1071) ; *Mauldin* v. *Gainey,* 15 *Ga. App.* 353 (2) (83 S. E. 276).

Furthermore, the plaintiff sued the defendants as individuals, and according to the original allegations there was a patent misjoinder of parties. The plaintiff could not cure this defect in the petition by an amendment in which he would proceed against them as a partnership. A partnership is so far a distinct entity that in order to establish a partnership liability and to subject partnership assets, if any, it would be necessary to sue the partnership as such. It follows that the amendment offered in this case was im-

proper as seeking to add a new and distinct party where no provision therefor has been made by law. Civil Code (1910), § 5683; *Drucker* v. *Wellhouse,* 82 *Ga.* 129 (8 S. E. 40, 2 L. R. A. 328); *Green* v. *Willingham,* 100 *Ga.* 224 (28 S. E. 42); *Greer* v. *Waxelbaum,* 115 *Ga.* 866 (42 S. E. 266); *Smith* v. *Garrison,* 155 *Ga.* 260 (116 S. E. 599); *Massoud* v. *Lamar Drug Co.,* 18 *Ga. App.* 398 (89 S. E. 442); *Holston Box & Lumber Co.* v. *Vonberg,* 34 *Ga. App.* 298 (2) (129 S. E. 562), and cit. The original petition here, unlike that in *Carlton* v. *Grissom,* 98 *Ga.* 118 (26 S. E. 77), contained nothing to indicate an intention on the part of the pleader to proceed against the defendants as partners.

In any view of the case, it was error to allow the amendment; and the court erred in overruling the grounds of demurrer which attacked the petition for a misjoinder of causes of action and of parties defendant. The petition, however, was not subject to general demurrer. *Gillis* v. *Hilton & Dodge Lumber Co.,* 113 *Ga.* 622 (38 S. E. 940); *Georgia Railroad & Banking Co.* v. *Tice,* 124 *Ga.* 459 (52 S. E. 916, 4 Ann. Cas. 200); *Linder* v. *Wimberly,* 158 *Ga.* 285, 289 (123 S. E. 129).

*Judgment reversed. All the Justices concur.*