29789. STERCHI BROTHERS STORES INC. *v.* CLARK.

DECIDED NOVEMBER 7, 1942.

260

*George Brannon, Roy S. Drennan,* for plaintiff in error.

*Homer C. Denton, James R. Venable, Frank A. Bowers, Frank Grizzard,* contra.

GARDNER, J. 1. The motion to dismiss is not well taken. The overruling of a general demurrer to a petition is proper matter for a direct bill of exceptions. Code § 6-701. See *Coppedge* v. *Allen,* 179 *Ga.* 678 (177 S. E. 340); *Cooper* v. *Whitehead,* 163 *Ga.* 662 (136 S. E. 911); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (49 S. E. 595). In support of the motion counsel cites *Mayor &c. of Alamo* v. *Smith,* 66 *Ga. App.* 10 (16 S. E. 2d, 762). In that case no ruling on a general demurrer was involved. In the instant case the general demurrer was overruled. If no general demurrer had been filed this case would be similar to the *Smith* case. The motion to dismiss is denied.

2. The allegations of fact in the instant case are sufficiently similar to those in *Atlantic Co.* v. *Farris,* 62 *Ga. App.* 212 (8 S. E. 2d, 665), to bring it under the ruling of the *Farris* case. A comparison of the facts in the two cases is convincing that there is no material difference between them. We invite a consideration of the facts and numerous authorities cited in the *Farris* case. We will not enter into a detailed discussion of the authorities cited or a comparison of the facts. The attorney for Sterchi pointed out the trailer to the levying officer as the property of Elmo Clark, the son of the true owner. The levying officer was informed by Mrs. Jackson, who was then in actual possession of the trailer, that it did not belong to Elmo but belonged to his father. Elmo wrote the defendant a letter to this same effect, which letter was delivered by Sterchi to its attorney. Also, before the trailer was sold, Head, at the instance of Elmo Clark, came to Atlanta, went to the office of Sterchi, and in a conversation with an officer of that corporation informed the officer that the property did not belong to the son, but belonged to the father. Still, Sterchi did not desist or make inquiry as to the ownership of the trailer. During the meantime Sterchi had received two remittances from Elmo Clark, which were held by Sterchi until after the sale. One remittance was accompanied by a letter protesting the sale of the trailer as the property of Elmo Clark, and informing Sterchi as to the true owner. The indebtedness of Elmo Clark was thus reduced to approximately $14. Nevertheless, in disregard of this information, and in the face of the payments which reduced the indebtedness to such a small amount, Sterchi sold the trailer and thereafter returned the moneys received from Elmo Clark.

It will be noted that the trailer was not in the actual possession of Elmo Clark when the levy was made. It will also be noted that it does not appear that any credit was extended to Elmo Clark on the faith that he was the owner or in possession of the trailer. Therefore, the principle announced in Code § 37-113 to the effect that when one of two innocent persons must suffer he who puts it in the power of a third person to inflict the loss, does not apply. Neither do the facts in the instant case bring it within the ruling in *Ellis* v. *United States Fertilizing &c. Co.,* 64 *Ga.* 571, nor does *Reisman* v. *Wester,* 10 *Ga. App.* 96 (72 S.

E. 942) apply. The Code section and the two cases cited hereinbefore are relied on by Sterchi to sustain its position. They deal with entirely different principles of law and facts. The court did not err in overruling the general demurrer or certain grounds of the special demurrers for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*