PEYTON *v.* RYLEE, administrator.

No. 14828.   MAY 2, 1944.

*Hamilton Kimzey,* for plaintiff in error.

*J. B. G. Logan,* contra.

GRICE, Justice.   There was one motion with two orders entered thereon, both of which appear in the preceding statement.   The first was the grant of a new trial subject to a condition subsequent, to wit, the failure of the plaintiff in the trial court to pay

a sum of money within twenty days. If there was no compliance with the condition within the time stated, a new trial was granted under the express terms of the order, which then became a final judgment. The writ of error sued out by the movant, complaining of the ruling first entered, dealt with in *Peyton* v. *Rylee*, supra, was dismissed, not because the decision then under review was not a final disposition of the case, but only because the finality was held in abeyance pending the acceptance or rejection of the proffered terms. Therefore the only question remaining is, was there a compliance with the condition subsequent. If the order previously entered had become a final judgment granting a new trial, it was error for the trial court to enter a second one refusing a new trial. In the decision which forms the basis of the present bill of exceptions, the trial court adjudged that the condition to the denial of a new trial, set forth in said original judgment, had been substantially complied with, and that the denial of a new trial had become final in said case, and he thereupon expressly held that "a new trial is therefore denied therein."

The date of the first order of the judge, which contained the condition as to the payment of ten dollars with interest at 7 per cent. per annum from the date of the verdict, was July 23, 1940. The ten dollars without interest was paid into court on October 31, 1940. This was not within the twenty days, even though the failure to pay the small amount of interest might be overlooked under the maxim, de minimis non curat lex. Counsel for the defendant in error contends that the delay did not violate the condition, and did not make the grant of the new trial absolute, for the following reasons: He says, first, that the signing of the bill of exceptions two days after the judge prescribed the condition operated to toll the time given for the payment of the money. Cases are cited to the effect that when a bill of exceptions is signed, the trial court thereby divests itself of all further jurisdiction in the cause, places it in the reviewing court, and that any further action by the trial judge is coram non judice. Such decisions are not in point. There may be other reasons why they are not applicable under the facts, but it is enough to say that no nisi prius judge can divest himself of jurisdiction and confer it upon a court of review by certifying and signing a bill of exceptions in a case where the court of last resort has no jurisdiction.

In this very case, the writ of error on the former appearance was dismissed by this court for lack of jurisdiction to entertain it. The writ being a mere nullity, neither party can claim any advantage therefrom. The second contention is that since Mrs. Nancy J. Peyton died just four days after the passing of the order allowing her twenty days in which to pay into court the ten dollars with interest, it was impossible for her to comply within the time limit, and that when her administrator paid the money into court on the day after the filing of the remittitur, this was a substantial compliance with the order. The payment within the twenty days was a mere privilege which she might exercise. Her administrator, now a party to the present case, can not successfully urge that, since death prevented her from complying with the condition, the court will treat it as a compliance, and hold that the condition was met when her counsel paid the money into court long after the date specified, and that as a result the new trial was refused. That it was impossible for her to comply with the condition, may be a misfortune, but the impossibility of compliance did not operate as a fulfillment of the condition. The question is in principle ruled by the decision of this court in *Dean* v. *Northwestern &c. Insurance Co., 175 Ga.* 321 (165 S. E. 235), wherein it was held that, under a stipulation in a contract of life insurance to the effect that "if the insured shall furnish proof satisfactory to the company that he has become totally and permanently disabled from any cause, the company, on receipt of such proof, will by suitable endorsement of this agreement waive payment of the premiums thereafter falling due under said policy and this agreement during the continuance of such disability," such proof was a condition precedent to such waiver, and the fact that because of his insanity the insured could not make proof, and that no one else could make such proof for him because no one knew that he had such policy of insurance, did not have the effect of keeping the policy in force until his death more than a year from the time of such disability.

In other jurisdictions there has been quite a contrariety of opinion as to the question involved in *Dean* v. *Northwestern Mutual Life Insurance Co.,* supra. The ruling there made, however, is in line with a large number, if not a majority, of the decisions. See the authorities listed in Mutual Life Insurance Company of

New York *v.* Johnson, 293 U. S. 335, 338 (55 Sup. Ct. 154, 79 L. ed. 398). It is true that the *Dean* case dealt with a provision in a contract of insurance, whereas here we have a clause in a judgment. There, the impossibility of performance resulted from insanity. Here, it was brought about by death. But in both cases impossibility of performance was urged as a reason or excuse for non-performance. If in the one instance it was ineffectual to nullify a provision in a contract, of which it may be assumed a party would have taken advantage had it been possible to do so, the same conclusion should be reached in the case before us, even if a like presumption should be indulged.

The judgment refusing a new trial must be reversed.

*Judgment reversed. All the Justices concur.*