### PEOPLES LOAN COMPANY *et al. v.* ALLEN *et al.*

No. 15018. November 21, 1944.

*Charles G. Bruce* and *R. B. Pullen,* for plaintiffs in error.
*Houston White, Augustus M. Roan,* and *Noah J. Stone,* contra.

Wyatt, Justice. "It is not only the right but the duty of a reviewing or appellate court to raise the question of its' jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." *Welborne* v. *State,* 114 *Ga.* 793, 796 (40 S. E. 857); *Tillman* v. *Groover,* 25 *Ga. App.* 118 (102 S. E. 879). "In the instant suit for damages, the trial judge, on March 14, 1930, passed an order overruling the general grounds and sustaining several special grounds of a demurrer to the petition, and then in the same order provided that 'the plaintiff have until and through the 25th day of March, 1930, to amend her petition to meet the grounds of the special demurrer above and herein sustained, and that copy of said amendment be served on the defendant, or its counsel, within five days thereafter.' The defendant on April 7, 1930, sued out a bill of exceptions assigning error upon the judgment so far as it overruled the demurrer, and in the bill of exceptions indicated nothing as to whether any further proceedings were had in the trial court. The judgment complained of shows upon its face that it was not intended to be final, and the bill of exceptions must therefore be dismissed for want of jurisdiction in this court to entertain it. *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *Steed* v. *Savage,* 121 *Ga.* 84 (48 S. E. 689); *Lovelace* v. *Browne,* 126 *Ga.* 802 (2) (55 S. E. 1041); *Olds Motor Works* v. *Olds Oakland Co.,* 140 *Ga.* 400 (78 S. E. 902); *Georgia Ry. & Power Co.* v. *Kelly,* 150 *Ga.* 698 (105 S. E. 300); *Cooper* v. *Whitehead,* 163 *Ga.* 662 (136 S. E. 911); *Massengale* v. *Colonial Hill Co.,* 34 *Ga. App.* 807 (131 S. E. 299); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (2) (133 S. E. 49)." *Georgia Power Co.* v. *Richards,* 42 *Ga. App.* 741, 742 (157 S. E. 241). See also *Peyton* v. *Rylee,* 191 *Ga.* 40 (11 S. E. 2d, 195); *Upshaw* v. *Ragsdale,* 192 *Ga.* 11 (14 S. E. 2d, 486).

The defendant Pullen filed a separate general demurrer, which was overruled. The defendants Peoples Loan Company, J. Earle Smith, and J. H. Geffken jointly filed the same general demurrer as did Pullen, which was overruled; but added to their demurrer various grounds of special demurrer, some of which were sustained unless the petition was amended within twenty days. The petition named Pullen, Peoples Loan Company, J. Earle Smith, and J. H. Geffken as joint defendants, and charged them with a joint conspiracy to defraud, hinder, and delay the petitioner as a

creditor of E. W. Allen. The record discloses that the paragraphs of the petition to be dismissed unless amended were the paragraphs charging the above-referred-to conspiracy. These grounds of the demurrer, while denominated special demurrers, nevertheless had the effect of going to the substance of the whole petition, and challenged the plaintiff's right to any relief against any of the defendants herein named in so far as the charge of a conspiracy to hinder, delay, and defraud is concerned.

We hold, under the circumstances of this case, that the demurrer filed by Peoples Loan Company, J. Earle Smith, and J. H. Geffken inures to the benefit of R. B. Pullen. This would be true even though Pullen had made no appearance and filed no pleadings. "When the trial court erroneously overrules a demurrer interposed by some of the defendants, which goes to the very vitals of the plaintiff's case, and the parties excepting and those not excepting stand upon the same ground and their rights are involved in the same question and equally affected by the same decree or judgment, the judgment of reversal will operate in favor of all the defendants." *Tate* v. *Goode,* 135 *Ga.* 738, 740 (70 S. E. 571, 33 L. R. A. (N. S.) 310). "Where some of several joint defendants demur to the plaintiff's petition, and the demurrer goes to the substance of the whole petition and challenges the plaintiff's right to any relief, such demurrer inures to the benefit of all, though some may be in default." *McKinney* v. *Powell,* 149 *Ga.* 422, 430 (100 S. E. 375). See also *Tillman* v. *Davis,* 147 *Ga.* 206 (93 S. E. 901); *Witherow* v. *Board of Drainage Commissioners,* 155 *Ga.* 476 (2) (117 S. E. 329); *Benson* v. *Lewis,* 176 *Ga.* 20 (166 S. E. 835). On the question of the finality of a judgment, of the character here involved, being held in abeyance, see *Peyton* v. *Rylee,* 197 *Ga.* 545 (30 S. E. 2d, 94). The above-quoted rule of law is applicable to this case. The effect of holding otherwise would be to make it possible to dispose of this litigation in piecemeal fashion. This result should be avoided, and is the underlying reason for the rules of law above enunciated.

In view of what has been said, the bill of exceptions must be dismissed as having been prematurely brought.

*Writ of error dismissed. All the Justices concur.*