31854. SOUTHEASTERN STAGES *v.* ABDELLA *et al.*
31858. ABDELLA *v.* SOUTHEASTERN STAGES *et al.*

DECIDED FEBRUARY 16, 1948.  REHEARING DENIED MARCH 18, 1948.

*Andrews & Nall, Stanley P. Meyerson,* for plaintiff in error.
*Dunaway, Riley & Howard, Douglas, Evans & Cole, Samuel D. Hewlett,* contra.

FELTON, J.  After an adjudication by this court that the petition did not set forth a cause of action against Southeastern Stages, the plaintiff amended by striking the original petition and substituting a petition in a four counts against Southeastern Stages and Yellow Cab Company, the original defendants. General demurrers were filed to the petition and each count, and various special demurrers to each count. The court overruled the general demurrers and possibly several special demurrers, and stated in his order on the demurrers that various other special

demurrers "are not now passed upon." Southeastern Stages excepted directly to the overruling of the demurrers referred to in the judge's order. In *Georgia Power Co.* v. *Richards,* 42 *Ga. App.* 741 (157 S. E. 241), the court stated: "A defendant may except, of course, to the overruling of a general demurrer to a petition, since 'the judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause.' Civil Code 1910, § 6138. . . But in the application of this rule it must appear that the judgment was unconditional and left nothing for further adjudication by the trial court with regard to the sufficiency of the petition. Where, upon a consideration of the entire order, it purports to be provisional only, showing that the court contemplated the possibility of an amendment to the petition and a consequent further consideration of its sufficiency, the order must be construed as containing such a reservation of jurisdiction of the subject-matter by the trial court as to prevent the acquiring of jurisdiction by this court. In case of such amendment, the petition might or might not be subject to general demurrer, and it is clear that this question, with the right to determine it, was held in abeyance pending such contingency." In *Jones* v. *Butler,* 191 *Ga.* 126 (12 S. E. 2d, 326), the court stated: "The order of June 23, 1939, overruling the general demurrer and the motion to dissolve the receivership, were necessarily conditional or provisional in the sense that other and different adjudications might later be made on consideration of the special demurrers; and consequently, although these orders were not excepted to, they did not become the law of the case so as to prevent 'a fresh adjudication' upon the petition as a whole, in connection with such judgment as might be later rendered on the special demurrers. *Folsom* v. *Howell,* 94 *Ga.* 112 (21 S. E. 136); *McConnell* v. *Frank E. Block Co.,* 26 *Ga. App.* 550 (106 S. E. 617); *Smith* v. *Bugg,* 35 *Ga. App.* 317 (133 S. E. 49); *Georgia Power Co.* v. *Richards,* 42 *Ga. App.* 741 (157 S. E. 241)." See also *Peoples Loan Co.* v. *Allen,* 198 *Ga.* 516 (32 S. E. 2d, 175). In this case, since jurisdiction was retained by the trial court for further action upon the special demurrers, which might also subject the case to fresh adjudications or a renewed general demurrer, the writ of error in

this case is premature and must be dismissed. Leave is granted to treat the official copy of the bill of exceptions filed in the office of the clerk of the trial court as exceptions pendente lite, if the plaintiff in error desires to do so.

*Writ of error dismissed, with direction. Sutton, C. J., and Parker, J., concur.*