SOUTHEASTERN STAGES INC. *v.* ABDELLA *et al.*

DUCKWORTH, Presiding Justice. 1. "In considering the question of the grant of the petition for certiorari, and if granted, in disposing of the case, this court will only consider the question raised in such petition." Rule 45 of Rules of Supreme Court as amended through February 12, 1948, appendix 202 *Ga.* 899.

(a) Accordingly, the only question before this court in the present case, where an application for certiorari was granted, is whether or not, as urged in the assignment of error of the applicant for certiorari, the plaintiff in error in the Court of Appeals, that court, in *Southeastern Stages Inc.* v. *Abdella,* 76 *Ga. App.* 627 (46 S. E. 2d, 745), erred in ruling as follows and in dismissing the writ of error: "Where the trial judge overrules general demurrers to an amended petition and states in his order that he does not 'now' pass on the special demurrers filed, a writ of error assigning error on the overruling of the general demurrers is premature, since the trial court reserved jurisdiction to make other adjudications as to the sufficiency of the petition in connection with his rulings on the special demurrers."

2. Except as to "any ruling or decision in a mandamus or quo warranto proceeding or in a case involving a writ of prohibition," where no final judgment on the merits has been entered, as provided in the act of 1946 (Ga. L. 1946, pp. 726, 730) amending the Code, § 6-701, a judgment overruling a demurrer to a petition is, under such section, proper matter for direct exception, as a ruling which would have been final "if it had been rendered as claimed" by the defendant. *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (3) (49 S. E. 595); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505); *Cooper* v. *Whitehead,* 163 *Ga.* 662 (136 S. E. 911); *Coppedge* v. *Allen,* 179 *Ga.* 678, 682 (177 S. E. 340); *Mullally* v. *Mullally,* 199 *Ga.* 708 (1) (35 S. E. 2d, 199). Accordingly, the Court of Appeals erred in ruling that the writ of error was, under the facts stated, prematurely brought and in dismissing the same.

(a) *Georgia Power Co.* v. *Richards,* 42 *Ga. App.* 741 (157 S. E. 241), and *Peoples Loan Co.* v. *Allen,* 198 *Ga.* 516 (32 S. E. 2d, 175), cited by the

Court of Appeals as authority for its ruling, are distinguishable, in that in those cases the order of the court was provisional only, granting to the plaintiff the right to amend within a stated time to meet the objections urged, and thereby necessarily retaining jurisdiction to dispose of the entire case later, whereas here the provision that certain grounds of special demurrer "are not now passed upon" did not amount to a reservation of jurisdiction and the granting of any right to amend, but was merely the expression of inaction by the court as to such special demurrers, which in no wise affected the finality of the judgment on the general demurrers.

(b) In *Jones* v. *Butler*, 191 *Ga.* 126 (12 S. E. 2d, 326), cited by the Court of Appeals for its ruling, the discussion of a previous judgment dated June 23, 1939, overruling the general demurrer, was for the purpose of demonstrating the lack of merit in the contention there made that such ruling became the law of the case and established that the petition alleged a cause of action, and that, therefore, the judgment of May 24, 1940, which dismissed the petition on motion, and which was then before this court for review, was erroneous as being contrary to the law of the case. The facts in that record show that after the first judgment a number of paragraphs of the petition were eliminated, thus changing the petition from what it was when the general demurrer was overruled. Obviously, the June judgment overruling the demurrer, being unexcepted to, was forever afterwards controlling to the effect that the identical petition then passed upon alleged a cause of action; and it is equally plain that such ruling did not, and could not, control when a different petition, made so by deletions, was challenged by the motion to dismiss which was sustained on May 24, 1940. Nothing said in that decision relates in any manner to the question whether or not the judgment overruling the demurrer in June, 1939, was such as could have been reviewed by direct bill of exceptions. Nor is that decision authority for a ruling here that the exception to the judgment overruling the general demurrer is premature because the special demurrers were expressly not passed upon. Had the judgment here been as contended by the demurrant, the case would have terminated, and any ruling thereafter on the special demurrers would have been no more than carving upon a carcass.

3. The judgment of the Court of Appeals is reversed and the case returned to it for disposition in accordance with this opinion.

*Judgment reversed. Jenkins, Chief Justice, Atkinson, Wyatt, Head, and Candler, Justices, and Judge Graham concur.*

No. 16239. July 15, 1948. Rehearing denied July 28, 1948.

*Stanley P. Meyerson* and *Andrews & Nall*, for plaintiff in error. *Dunaway, Riley & Howard, Samuel D. Hewlett,* and *Douglas, Evans & Cole,* contra.