34764. BOGGS *et al. v.* BROOME.

DECIDED JANUARY 29, 1954.

*Young H. Fraser, John W. Weekes,* for plaintiffs in error.
*Wm. G. McRae, J. E. B. Stewart,* contra.

QUILLIAN, J.   Robert K. Broome, as Sheriff of DeKalb County, brought a declaratory-judgment action against C. M. Boggs, G. C. Jossey, R. J. Duren, A. S. Jackson, George Lee, O. P. Needham, J. Sam King, W. B. Creel, L. B. Harvill, and C. D. Martin to have declared the respective rights of the ten named defendants to hold offices of deputy sheriffs and sheriff's assistants of DeKalb County.   Essentially, it was alleged that the first five named individuals were employed as deputy sheriffs under Broome's predecessor in office; that the last five named individuals were nominated and appointed by the plaintiff to the posts held by the first named, and that the first named contended that, under the provisions of the act approved February 21, 1951 (Ga. L. 1951, pp. 3226 et seq.), which act created a civil-service system for DeKalb County, they were entitled to continue to hold office; and the petition sought to have declared the respective rights of the defendants to hold the offices in question. It appears from the record that attorney John Wesley Weekes acknowledged service of the petition and process for the first four individuals named; that Weekes and Attorney Young H. Fraser acknowledged service of the petition and process for George Lee and O. P. Needham; and that the last four individuals named were personally served and personally acknowledged service of the petition and process, but were not represented by counsel in the trial court.   It further appears that the above-mentioned attorneys appeared and filed an answer on behalf of the first five named defendants listed, that is, those defendants who it was al-

leged were contending for their right to continue in office as the appointees of the former sheriff. Upon the trial of the case before a judge of the superior court, a judgment was entered declaring that the appointees of the plaintiff, that is Needham, King, Creel, Harvill, and Martin, were entitled to the offices in question, and that Boggs, Jossey, Duren, Jackson, and Lee were not entitled under the provisions of the said act to continue to hold the offices; and that the provisions of the act in question do not apply to deputy sheriffs. The attorneys for the last-named individuals filed a bill of exceptions to this court naming them as plaintiffs in error and naming Robert K. Broome as defendant in error.

The defendant in error made a motion in this court to dismiss the writ of error on the ground that Needham, King, Creel, Harvill, and Martin were defendants in the action in the superior court, that they are "directly interested in having the judgment which is excepted to in said bill of exceptions sustained because said judgment adjudicated that said persons are the lawful deputies and assistants of the Sheriff of DeKalb County, and so long as they remain such, they are entitled to receive the salaries provided by law for deputies and assistants," and that they "are not named parties defendant in error in said bill of exceptions, have not been served with a copy of same, and have not acknowledged service thereof as required by law, and are indispensable parties to a review of the case by this court." The plaintiff in error has made a motion to amend the bill of exceptions by naming as parties plaintiff in error the other five defendants in the trial court.

"Within 10 days after the bill of exceptions shall be signed and certified, the party plaintiff therein shall serve a copy thereof upon the opposite party or his attorney, and if there shall be several parties with different attorneys, upon each, with a return of such service (or acknowledgment of service) indorsed upon or annexed to such bill of exceptions; and they alone are parties defendant in the appellate court who are thus served." Code § 6-911 (1). It thus follows that Needham, King, Creel, Harvill, and Martin, who were the prevailing parties in the court below are not made parties defendant in error by the bill of exceptions before this court, and it remains for us to ascertain whether these

individuals are necessary parties to this appeal, and whether they may be made parties plaintiff in error.

It cannot be questioned that these individuals, having prevailed in the trial court, that is having been declared to be entitled to hold the offices in question and entitled to the pay thereof, are interested in sustaining the judgment of the trial court and not interested in having it reversed. While the petition evidences a decided interest and desire on the part of the nominal plaintiff, Broom, in the outcome of the contest, in that he contended in his petition that the offices in question were not covered by the Civil Service Act, and that his appointees were entitled to hold the offices, the action most nearly resembles an interpleader, in that the plaintiff alleged that he "now holds the funds which have been paid over to him by the fiscal authorities of DeKalb County for the purpose of being paid by petitioner to the persons lawfully entitled to the same as petitioner's deputies," and the action was brought to "prevent a multiplicity of suits and to protect petitioner from" uncertainty and insecurity with respect to the petitioner's duty in paying the salaries, and to determine which group was lawfully entitled to the salaries. Viewing the case in this light, it follows that the real parties at interest in the case were those denominated defendants, one group, represented by the plaintiffs in error, being on one side of the issue, and the other group of defendants, represented by Broome's appointees, on the opposite side. A case very similar to the instant one was *Craig* v. *Webb*, 70 *Ga.* 188, where it was held that, "Where there are various claimants of a fund under a money rule, and some of them except to the judgment, all of the claimants interested in sustaining the judgment of the court below must be made parties defendant to the bill of exceptions; and this can only be done by serving them or obtaining acknowledgments of service. . . Claimants of the fund interested in sustaining the judgment below cannot be made parties plaintiff in error, by amendment to the bill of exceptions, on motion of the dissatisfied suitor." In the body of the opinion Chief Justice Jackson said: "Medlock and Sloan got a part of the money under the judgment of the court below distributing it, and they are interested in the affirmance of the judgment, and must be made parties defendant to the bill of exceptions. If made parties plaintiff thereto, they would be on the wrong side."

In *Emanuel Farm Co.* v. *Batts*, 176 *Ga.* .552 (168 S. E. 316), it appeared that a nonresident of the county wherein the suit was brought against him as a codefendant with a resident of that county filed a plea to the jurisdiction, setting up that the naming of the resident codefendant was merely a subterfuge to obtain jurisdiction in the county where the suit was brought, and that the real interest of the resident defendant in the matter lay with the plaintiff. On appeal to the Supreme Court from an order overruling the plea to the jurisdiction, the writ of error was dismissed for the failure of the plaintiff in error to name as defendant in error the resident codefendant whom it had asserted in its plea to have an interest in the case antagonistic to the plaintiff in error's position. In that case it was held that "All parties who are interested in sustaining the judgment of the court below, or who would be affected by a judgment of reversal, are indispensable parties in the Supreme Court and must be made parties to the bill of exceptions or the writ of error will be dismissed." The case was distinguished from those cases in which it has been held that a defendant against whom a verdict has been returned and whose motion for a new trial has been overruled is not required to make his codefendants parties to a bill of exceptions to review the judgment refusing a new trial, on the ground that the plaintiff in error's allegations showing that the codefendant was in fact an adversary of the plaintiff in error showed the codefendant to be a necessary party defendant in the writ of error.

The cases cited by the plaintiff in error in support of the motion to amend the bill of exceptions are not authority for making the group of codefendants in whose favor the judgment was rendered in the trial court in this case parties plaintiff in error. In all of those cases the rule relied on by the plaintiff in error is at least implicitly, if not explicitly, qualified by the proviso that such parties, in order to be made plaintiffs in error by way of amendment of the writ of error, must have been in the trial court on the same side of the controversy with the plaintiff in error. This limitation on the right to amend and add a party plaintiff before the appellate court is plainly expressed in *Carey* v. *Giles*, 10 *Ga.* 2; *Western Union Telegraph Co.* v. *Griffith*, 111 *Ga.* 551 (36 S. E. 859) where it was said that "The test to be applied

in determining whether one sought to be introduced by amendment could have been joined with the excepting party as a plaintiff in error is, were they on the same side of the controversy in the trial court, for such litigants only as were coparties below can properly appear before this court as parties plaintiff"; *Macon Navigation Co.* v. *Schofield,* 111 *Ga.* 881 (36 S. E. 965); *Steele Lumber Co.* v. *Laurens Lumber Co.,* 98 *Ga.* 329 (24 S. E. 755); *Dooley* v. *Scoggins,* 208 *Ga.* 200 (66 S. E. 2d 62). While the cases referred to above were cited and relied on by the plaintiff in error, they do not support the contention made in the motion to amend the bill of exceptions. The parties will be treated as their real interest appears, and the fact that they were nominally defendants in the trial court and nominally on the same side of the controversy as the plaintiffs in error does not make them as a matter of law necessary or proper parties plaintiff in this court, where it appears that their real interest is adverse to the plaintiffs in error, and that under no view of the case could their interest be other than to uphold the judgment of the trial court; but such parties are in fact necessary parties defendant before this court, being interested in sustaining the judgment of the trial court.

Under the foregoing rules of law, it follows that the five individuals named as defendants in the trial court and in whose favor, along with the defendant in error named in the writ of error, the judgment was actually rendered by the trial court, are necessary and indispensable parties to the proceeding before this court, and that they cannot be made parties plaintiff in error by amendment, and that for these reasons the writ of error must be

*Dismissed. Felton, C. J., and Nichols, J., concur.*