BUCKWALTER *et al. v.* WHIPPLE, receiver, *et al.*

1. When the members of a trading corporation which is in debt, for the purpose of defeating its existing creditors, form a new corporation of like character, and, in pursuance of their scheme, take possession of the assets of the first, and issue stock to its members to the amount of the agreed value of such assets, the whole transaction is void as to such creditors, and they may by attachment cause those assets to be seized, and, on rendition of judgments in their favor, subject such assets to the satisfaction of those judgments as against any person claiming any right or lien as a stockholder of the new corporation; and this is so whether such person was or was not a party to the attachment litigation, or had notice of the pendency of the same.

2. It is not erroneous, even after a case has been referred to an auditor, and is on trial in the superior court on exceptions to his report, to admit testimony showing that a declaration in attachment had, at a certain time, been deposited with the clerk of the superior court, who through inadvertence omitted to make an entry of filing thereon; nor is it error, upon such showing being duly made, to allow the clerk to make such an entry nunc pro tunc.

3. No party is entitled to attorneys' fees out of a fund brought into court at his instance, and to which another has a superior claim, when it appears that the bringing of the fund into court in no way operated to the benefit of the latter, but to his injury because of the fact that the amount of the fund was diminished by being charged with the payment of the necessary expenses of a receivership.

4. No error in any ruling or finding of the judge which has not been specifically referred to has been shown.

Argued January 10, — Decided June 4, 1902.

Exceptions to auditor's report. Before Judge Roberts. Wilcox superior court. March, 1901.

*Eldridge Cutts* and *Hal Lawson,* for Buckwalter et al.
*J. T. Hill, Thomson & Whipple,* and *D. B. Nicholson,* contra.

LITTLE, J. Buckwalter, the general manager of a trading corporation known as the Cypress Lumber Company, exhibited an equitable petition against C. T. Nelson & Company, C. T. Nelson, H. B. Nelson, M. C. Lilly Jr., F. L. Serage, F. B. Serage, the Cypress Lumber Company, and W. S. Thomson. Subsequently this case was, together with the case of the First National Bank of Cordele et al. *v.* Serage-Watkins Company et al., referred to an auditor to hear evidence and report upon the various issues arising therein. The record is voluminous and much confused. The pleadings and evidence make substantially the following case: The Serage-Watkins Company was a corporation engaged in the manufacture of lumber in Wilcox county. In the year 1896 its stockholders sold

and conveyed the assets of this corporation to the Cypress Lumber Company, which latter corporation was composed of the same shareholders as were stockholders in the former, except P. B. Watkins, a shareholder in the old company, was not a shareholder in the new; and J. B. Buckwalter, the petitioner, who was not a shareholder in the old company, subscribed and paid into the new corporation $5,000, for which he received 167 shares of stock in the Cypress Lumber Company. All the property of the Serage-Watkins Company, except its choses in action and bills receivable, by the arrangement which was entered into, went into the hands of the Cypress Lumber Company. In these were included the sawmill plant etc. of the old company. The capital stock of the Cypress Lumber Company, the assets of which consisted of the property conveyed to it by the stockholders of the Serage-Watkins Company, plus the $5,000 paid in by Buckwalter, was $50,000, divided into 500 shares of the par value of $100 each. At the time of the transfer the Serage-Watkins Company owed certain debts, of which Buckwalter had knowledge, and which were not paid at the time of the organization of the Cypress Lumber Company. Among these creditors was the First National Bank of Cordele, which together with other creditors, after the organization of the Cypress Lumber Company, sued out attachments against the Serage-Watkins Company and had them levied upon the mill and plant which the defendant in attachment had before that time conveyed to the Cypress Lumber Company. The 500 shares of stock of the Cypress Lumber Company were held and owned as follows: J. B. Buckwalter 167 shares; F. B. Serage 296 shares; M. C. Lilly 10 shares; C. T. Nelson 10 shares; H. B. Nelson 10 shares; and F. L. Serage 7 shares. Of these shareholders F. B. Serage, M. C. Lilly, and C. T. Nelson composed a firm doing business under the name of C. T. Nelson & Company, in Columbus, Ohio. This firm was indebted to the Cypress Lumber Company in an amount exceeding $3,000, and being in a failing condition, Buckwalter had sued out an attachment against the firm, and caused the same to be levied on the individual shares of the capital stock of the Cypress Lumber Company owned by the members of that firm.

Of the attachments which had issued in favor of the different creditors of the Serage-Watkins Company, which had been levied on the mill and plant in possession of the Cypress Lumber Com-

pany, only that one in favor of the First National Bank of Cordele had been tried. That trial resulted in a judgment in favor of the bank. A motion to set aside the judgment and grant a motion for a new trial had been made, and was pending at the time Buckwalter filed his equitable petition, in which, after referring to the issuance of the attachment by him against C. T. Nelson & Company, he alleged that the members of that firm were seeking to divest their stock from the lien which the Cypress Lumber Company had on the same by virtue of a by-law of the company. He also alleged that a transfer which members of that firm claimed to have made was fraudulent, and that, owning a majority of the stock of the lumber company, they had entered into a fraudulent scheme to settle their indebtedness by retiring 150 shares of their stock in payment of their debt. He further alleged that it was the intention of such majority stockholders, through their attorney Thomson, to have the attachment which the petitioner had sued out dismissed and marked settled. He also alleged that the other defendants, H. B. Nelson and F. L. Serage, were confederating with the members of the firm of C. T. Nelson & Company in their fraudulent scheme. Under these allegations he prayed that the defendants C. T. Nelson & Company be enjoined from any interference with any of the property, choses in action, or other assets of the corporation, and that they and their attorney, Thomson, be enjoined from in any manner interfering with the attachment proceedings instituted by him, which were then pending, and from having the same dismissed. He also prayed for the appointment of a receiver to take charge of the property and assets of the Cypress Lumber Company, to collect all debts due said company, and hold the same for final distribution. The injunction prayed for was granted, and D. B. Nicholson was appointed receiver to take charge of the property and assets of the Cypress Lumber Company. After this had been done, the creditors of the Serage-Watkins Company, who had previously sued out attachments, filed an equitable petition against the Serage-Watkins Company, the Cypress Lumber Company, Buckwalter, and Nicholson, receiver, in which among others the foregoing facts were set out. They charged that the transfer by the Serage-Watkins Company of its property to the Cypress Lumber Company was a scheme to hinder, defeat, and delay creditors of the Serage-Watkins Company, of which Buckwalter

had notice, or had reasonable grounds to suspect the same, and prayed that an injunction should issue, restraining Buckwalter and the Cypress Lumber Company from interfering in any way with the property levied on under their attachments as the property of the Serage-Watkins Company, and from disposing of the same. They also prayed that a receiver be appointed to take charge of all that property as the property of the Serage-Watkins Company, and hold the proceeds of the same subject to the order of the court; petitioners claiming that all the property so transferred was subject to their debts, and that the transfer to the Cypress Lumber Company was void for the reasons stated. Defendants answered, and H. B. Nelson and F. L. Serage intervened and became parties plaintiff in the petition filed by Buckwalter, and prayed that, on a final distribution of the funds, they should be awarded their share of the assets in proportion to the number of shares of stock owned by each of them.

At this stage of the litigation the case was referred to an auditor to hear and report on the various issues raised by the several proceedings. Buckwalter filed an amendment before the auditor, praying that he be allowed attorney's fees for bringing the funds into court, and a subsequent amendment praying that certain amounts due him by the receiver be paid. The auditor reported, among others, the following findings: The Serage-Watkins Company and the Cypress Lumber Company were both corporations duly organized under the laws of Georgia, and all of the stockholders of the former, except Watkins, became stockholders in the latter at the time it was organized. F. B. Serage was the president of both corporations, and was in management and control of the affairs of both for some time before and after the dissolution of the Serage-Watkins Company and the organization of the Cypress Lumber Company. The capital stock of the new company consisted of the mill plant and other property of the old company (except its bills receivable and choses in action) and $5,000 paid in cash by Buckwalter. At the time of the transfer the old company owed from $2,500 to $3,000, of which Buckwalter had actual notice, and which was never paid. The transfer was for the purpose of "hindering, delaying, and defeating the creditors of the Serage-Watkins Company in collecting their debts." The conduct of the Serage-Watkins Company in converting its capital stock in the new company, and in dis-

counting the notes which formed the basis of the bank's claim, without providing for the debts of the old company, and failing to make good their indorsement on those notes, was a fraud on the bank and the other creditors of the Serage-Watkins Company. The First National Bank of Cordele is entitled to a judgment for its claim, declared to be a lien on the funds in the hands of the receiver. Under the principle of law announced in the case of *Mohr-Weil Lumber Company* v. *Russell*, "the attorneys of J. P. Buckwalter are not entitled to fees to be paid out of the fund." Various other findings, both of law and fact, were reported, which are immaterial to a proper discussion and disposition of this case. Exceptions as to certain omissions of the auditor in his report were filed by the various parties, and duly approved by the auditor, and sent up with his report; and it was prayed that by reason of the omissions the case be recommitted. There were filed also numerous exceptions both of law and fact. At the trial the judge granted an order disallowing and striking the exceptions and sustaining the auditor's report, and directing that after paying the officers of the court, including the auditor and receiver, he should pay over the balance of said sum to the attorney of the First National Bank of Cordele, it appearing that there was not sufficient of said fund to pay all the judgment of said bank, of which bank Whipple had during the litigation been appointed receiver. Prior to this decree, and at the trial of the case in the superior court on the auditor's report and the exceptions thereto, J. T. Hill, the attorney of the First National Bank of Cordele, was permitted to testify over objections of plaintiff in error, which objections are fully set out, as follows: "The declarations in attachment of First National Bank of Cordele v. Serage-Watkins Company were placed by me with the clerk of Wilcox superior court at the return term of said attachments, and I directed him to mark them filed. The reason they were not so marked was due solely to his inadvertence." The objections were overruled, and the clerk directed to mark the declarations in attachment filed and date the same nunc pro tunc. Error is assigned upon the admission of this testimony; in striking and disallowing generally all the exceptions filed by plaintiffs in error to the auditor's report, because the court should have passed upon each exception both of law and fact separately; and error is specifically assigned upon the striking and disallowing of each exception both of law and fact.

1. A number of assignments of error are made in the bill of exceptions. After a careful examination we are of the opinion that the questions involved in each have been properly determined by the principles of law ruled in the headnotes which precede this opinion. The auditor found that the transfer of its property by the Serage-Watkins Company to the Cypress Lumber Company was made for the purpose of hindering, delaying, and defeating the creditors of the former company; and the evidence was sufficient to support that finding. This being true, nothing passed to the Cypress Lumber Company by the transfer made by the Serage-Watkins Company, as against the creditors of the latter, and the property so transferred, in the hands of the Cypress Lumber Company, was assets to pay the debts of the Serage-Watkins Company. The remedy by attachment was therefore ample to cause these assets to be seized by the creditors of the first company; and inasmuch as the title to such property, as against the creditors of the Serage-Watkins Company, never vested in the Cypress Lumber Company, the latter company could, of course, have no lien on it for the individual interests of any of its stockholders, nor could Buckwalter assert any claim on any of these assets for the same reason, and under the findings by the auditor (which, as we have said, were supported by the evidence) the attaching creditors of the Serage-Watkins Company had a lien on the same prior to that of any other party to the litigation, whose claims were mentioned in the pleadings.

2. It appears that after the auditor had made his report, and exceptions had been filed, the presiding judge, over the objections of the plaintiffs in error, allowed the attorney of the plaintiffs in attachment to testify that the declarations in attachment had, at a named time, been by him deposited with the clerk of the superior court, who through inadvertence had omitted to make an entry of filing thereon. There was no error in the admission of this evidence. It seems that no entry of filing had been made by the clerk on the declarations. It was not essential to their validity that they should bear such entry, if in fact they had been filed at the proper time. It was in order at any time and at any stage of the proceedings, when the question concerning the filing had been made, to hear evidence as to whether they had in fact been filed in due time notwithstanding they bore no such entry; nor is it important that

this was done after the case had been referred to the auditor and after his report was before the court, as no issue upon this question was raised by the pleadings before the auditor. So far as is shown by the record in this case, a judgment had already been rendered on one of the attachments without any objection to the declaration upon the ground that it had not been filed in time. It was therefore not only not error, but perfectly proper, after due proof of such filing, for the judge to direct the clerk to enter the filing upon the declaration nunc pro tunc.

3. It appears that on the hearing before the auditor Buckwalter claimed that his attorneys were entitled to be paid fees from the fund in the hands of the receiver, for services rendered in the preparation, filing, and prosecution of his petition. The finding of the auditor in this regard was adverse to the claim of Buckwalter, and this finding was sustained by the trial judge. It was excepted to by Buckwalter as error, because he claimed that, the fund in the hands of the receiver having been brought into court by his attorneys for distribution, he was entitled to his reasonable attorneys' fees. It is our opinion that the trial judge committed no error in overruling this exception. It is true that Buckwalter initiated the litigation by which the receiver was appointed, but it is also true that this litigation was adverse to the rights and interests of the prevailing creditors, i. e., the creditors of the Serage-Watkins Company. Buckwalter claimed that the property which had been transferred by this company to the Cypress Lumber Company was assets of the latter company, and because of this fact he sought a decree which would preserve it as such. As a matter of law it was never, as to the creditors of the Serage-Watkins Company, the property of the Cypress Lumber Company, and no title vested in the lumber company. On the trial it was properly determined that as to such creditors these assets belonged to the Serage-Watkins Company, with which Buckwalter never had anything to do. All of the litigation which was inaugurated by Buckwalter was adverse to the rights and interests of the creditors of this latter company; and notwithstanding the fact that the result of the litigation so inaugurated was the direct means of converting these assets into cash, it was nevertheless the proceeds of property upon which the attaching creditors had a lien, and on which Buckwalter, representing the Cypress Lumber Company had, as against

them, no claim. A party is not entitled to fees for his attorney from a fund brought into court at his instance, to which another had a superior claim, when it appears that the bringing of the fund into court in no way operated to the benefit of the latter. Had it not been for the receivership in this case, the creditors of the Serage-Watkins Company could have gone on in their action at law, recovered a judgment, and subjected the property to their claim as creditors. The action of Buckwalter in the premises was to prevent this, and to charge the fund with the expenses of a receivership; and it would be against both morals and law to allow a party, out of the fund derived from a sale of the property, fees for thus injuring the creditors. See *Alexander v. A. & W. P. R. Co.*, 113 *Ga.* 193. There was no error in dismissing and disallowing this exception.

4. It does not appear that there was any error committed by the trial judge in dismissing and disallowing the other exceptions to the auditor's report, but it does appear that his findings in relation thereto, in so far as they are material to this case, are supported by evidence, and are in accordance with law.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*