## PALMER BRICK COMPANY v. WOODWARD.

HOLDEN, J. An application addressed to the judge of Fulton superior court, "exercising jurisdiction in chancery therein," by one named as trustee in a deed, was made for an order to lease the property conveyed by the deed, for 20 years, to the plaintiff in error, to make brick out of the clay on such land and for other purposes. The life-tenant, in an entry acknowledging service on the petition, stated that she united with the petitioner in the application and requested the court to grant the same. Service of the petition and rule nisi was had upon the minors named as remaindermen in the deed, and upon a guardian ad litem appointed in open court by the judge. The guardian ad litem in his answer stated: "I accept the trust imposed, and have carefully examined the application of the trustee to lease the property as well as consult outside parties about it, and am fully satisfied that the best interests of the cestui que trusts will be subserved by granting the order [prayed] for, and permitting the property to be leased upon the terms and conditions in said petition set forth." At the time and place fixed in the rule nisi an order was passed reciting: "Upon consideration of the within petition and the answer of the guardian ad litem, as well as the request of Mrs. Catherine S. Woodward uniting in the petition of the trustee, it appearing to be for the best interests of the beneficiaries, it is ordered and adjudged by the court that the application to lease the trust property, upon the terms and conditions in the application set forth, be and the same are hereby granted." *Held:*

1. The order granting the application must be held to be one granted in term time, in view of the words following the order and preceding the signature of the judge thereto, "in open court this September 19th, 1896," nothing else appearing in the proceedings to indicate that it was granted at chambers. *Morehead* v. *Allen*, 131 *Ga.* 807 (63 S. E. 507).

2. The minors claiming a remainder interest under the deed (one of whom was the present-defendant in error) and a guardian ad litem appointed for them having been duly served with a copy of the petition and of the order to show cause why it should not be granted, and the petition having been considered and passed upon in term time, the minors became wards of chancery, and the order granting the application to lease the property upon the defendant in error.

(a) This is true although the deed may have created no valid trust and the remainder estate conveyed to the minors was a legal estate. *Richards* v. *E. T., V. & G. Ry. Co.,* 106 *Ga.* 614 (33 S. E. 193, 45 L. R A. 712).

(b) The minors having duly been served and being represented by a guardian ad litem, who filed an answer in their behalf, and the proceedings being in term time and the minors having become wards of chancery, the absence of process did not vitiate the proceedings. *Richards* v. *E. T., V. & G. Ry. Co.,* supra.

3. The contract of lease made was authorized by the terms of the order.

4. The court erred in granting an injunction restraining the plaintiff in error "from mining, digging, or removing any soil, dirt, or clay from the premises described in the petition."

*Judgment reversed. All the Justices concur, except Lumpkin, J., disqualified.*

DECEMBER 14, 1910.

Injunction. Before Judge Ellis. Fulton superior court. January 20, 1910.

*J. M. Terrell,* for plaintiff in error.

*H. C. Erwin* and *Dorsey, Brewster, Howell & Heyman,* contra.