ECKFORD *v.* BOROUGH OF ATLANTA *et al.*

No. 8375. OCTOBER 16, 1931.

*W. A. McClain* and *Watkins, Asbill & Watkins,* for plaintiff.

*J. L. Mayson, C. S. Winn, J. C. Savage, Colquitt, Parker, Troutman & Arkwright,* and *Herbert J. Haas,* for defendant.

HINES, J. By the act of August 23, 1927 (Ga. Laws 1927, pp. 779, 782), the same being an amendment to the charter of the City of Atlanta, it is provided that "The rate of charge for water or water service of" the waterworks "department shall at no time be more than the price fixed for same as of September 1, 1926; provided, however, that said rate of charge may be increased temporarily at any time solely for the purpose of meeting a deficit

in the waterworks department, caused by any emergency." At the date of the passage of this act the rates for water service upon any place or premises in said city were fixed by ordinance as follows: For the first 800 cubic feet or less per month the minimum gross charge of $1.25, for 800 to 5,000 cubic feet per month 25 cents gross per 100 cubic feet, for the next 5,000 cubic feet 20 cents gross per month per 100 cubic feet, for the next 5,000 cubic feet 15 cents per month gross per 100 cubic feet, for the next 5,000 cubic feet per month 16 cents gross per 100 cubic feet, and for all excess above 20,000 cubic feet per month 14 cents gross per hundred cubic feet. By said ordinance a discount of 5 cents per 100 cubic feet for all water used in excess of 800 cubic feet per month is allowed on bills for water service inside the city limits, when paid within 10 days after the bill is due; and in cases of minimum bills a discount of 25 cents is allowed on each minimum rate charged when they are paid within 10 days after the bill is due. By an ordinance approved January 20, 1931, the above rebates or discounts on water bills were repealed; and the full rates so charged were made collectible without rebate or discount. This ordinance was not passed to meet a deficit in the waterworks department of the city.

Eckford, as a citizen of the Borough of Atlanta and a person receiving water service therefrom through the Atlanta Waterworks, in his own behalf and in behalf of all other persons similarly situated, filed his petition against the Borough of Atlanta, the mayor and general council thereof, and the superintendent and general manager of the Atlanta Waterworks, in which he alleged the facts hereinbefore set out; and sought to enjoin the ordinance of January 20, 1931, upon the ground that it was null and void because in conflict with the act of August 23, 1927. The defendants demurred upon various grounds, which were overruled by the court below. On February 2, 1931, the court granted an interlocutory injunction, restraining the Borough of Atlanta from undertaking to enforce the gross water rates without rebates or discounts, which were in force on the date of the passage of the act hereinbefore referred to, and which were repealed by the ordinance of January 31, 1931. The judge granted to the defendants a supersedeas pending a decision upon the bill of exceptions brought to review said ruling; and in this order he directed that the dis-

counts paid on the water rates be set apart as a separate fund and deposited in a separate account, and not used as a part of the revenue of the city pending said hearing, and that said fund be held subject to the order of the court. The defendants dismissed their bill of exceptions brought to review the granting of the interlocutory injunction; and the same remained of force. Thereafter by consent an order was passed granting a permanent injunction as prayed in the petition. Thereupon the defendants filed a petition requesting the court to release the funds held in the special account under the order granting the injunction, and to permit distribution of the funds by the city. Simultaneously Eckford filed his application for allowance of attorney's fees out of these funds. The court passed an order disallowing this application, and Eckford excepted.

■ The relation of attorney and client is created by contract; and litigants who have not thus assumed liability for attorney's fees can not generally be held liable therefor, although they have been benefited, directly or indirectly, by the attorney's services. 2 R. C. L. 1052, § 156.

■ A court of equity, however, will in its discretion order an allowance of counsel fees to a complainant who at his own expense has maintained a successful suit for the preservation, protection, or increase of a common fund or common property, or who has created at his own expense, or brought into court, a fund in which others may share with him. *Price* v. *Cutts*, 29 *Ga.* 142 (74 Am. D. 52); Hempstead *v.* Meadville Theological School, 286 Pa. 493 (34 Atl. 103, 49 A. L. R. 1145, 1150), note 11a, and cit.

■ The above principle does not apply in ordinary adversary proceedings. Whitney *v.* Jersey Shore, 266 Pa. 537 (109 Atl. 767). This proceeding was brought for none of the purposes mentioned in the second ruling just stated, and for which a court of equity will allow fees to counsel for the plaintiff instituting the proceeding. The suit was not instituted for the preservation, protection, or increase of a common fund, or by a plaintiff who has created at his own expense, or brought into court, a fund in which others may share. The proceeding was brought to enjoin the collection by the city of excessive water rates, and was not brought for the purpose of bringing into court a fund which would be shared in by the plaintiff and others similarly situated. The

purpose of the plaintiff was to prevent the city from collecting the discounts upon the gross water rates from city users. The judge granted an interlocutory injunction to prevent the collection of these rates. The defendants applied for a supersedeas of this judgment until the question in dispute could be settled by this court. The court granted the supersedeas upon condition that the discounts on the water bills be deposited in a separate fund and not used as a part of the revenue of the city pending the hearing, and that such fund be held subject to the order of the court. The discounts on the water bills, so ordered to be deposited in a separate account and held subject to order of the court, are in no sense a fund which the plaintiff had brought into court to be shared by himself and other water users.

■ The allowance of counsel fees from a fund is capable of great abuse, and should be exercised with the most jealous caution in regard to the rights of litigants, lest thereby the administration of justice be brought into reproach. In most cases it is better to leave those concerned to contract for the compensation to be paid for the services rendered or received.

■ Applying the above principles, the trial judge did not err in refusing to allow counsel fees to plaintiff to be paid out of the discounts on the water rates collected by the city and deposited in a separate account subject to the order of the court.

*Judgment affirmed. All the Justices concur.*