SANGSTER *v.* TOLEDO MANUFACTURING CO. *et al.*

686

No. 14065.   MARCH 11, 1942.   REHEARING DENIED MARCH 30, 1942.

690

*Davis & Friedin,* for plaintiff.   *L. L. Woodward,* for defendants.

GRICE, Justice.   ■   At common law insane persons were the particular and peculiar wards of equity.  Conway *v.* Robinson, ———Mo.———, 178 S. W. 154.  From earliest times imbeciles have been regarded as wards of the chancellor.  Upton's Committee *v.* Bush, 135 Ky. 102 (121 S. W. 1005).  See also Buswell's Law of Insanity, § 35.  Courts of general equity jurisdiction within the limits prescribed by the statutory law of the forum, if there be any such law on the subject, have general supervisory authority and jurisdiction of the persons as well as the property of all citizens who are under any legal disability.  Watson *v.* Watson, 183 Ky. 516 (209 S. W. 524, 3 A. L. R. 1575) ; 19 Am. Jur. §§ 151, 152, 154.  An infant becomes a ward of the court whenever he is brought before the court for any purpose, as a party plaintiff or defendant to a suit, petition, order, application, or any other proceeding.  4 Pomeroy's Equity Jur. (5th ed.), § 1305, and cit.; *Sharp* v. *Findley,* 71 *Ga.* 654, 665 ; *McGowan* v. *Lufburrow,* 82 *Ga.* 523, 532 (9 S. E. 427, 14 Am. St. R. 178) ; *Richards* v. *East T. V. & G. Ry. Co.,* 106 *Ga.* 614, 623, 624 (33 S. E. 193, 45 L. R. A. 712) ; *Palmer Brick Co.* v. *Woodward,* 135 *Ga.* 450 (69 S. E. 827) ; *Ethridge* v. *Pitts,* 152 *Ga.* 1 (108 S. E. 543) ; *Hopkins* v. *Martin,* 153 *Ga.* 238 (112 S. E. 117).  An examination of the three cases last cited will reveal that, notwithstanding the strong dissent entered in the *Richards* case, the rule has been established in this

jurisdiction that the infant is no less a ward in chancery when his estate involved is a legal one, as distinguished from an equitable estate.

■ That the jurisdiction of equity of the estates of wards of chancery is broad, comprehensive, and plenary, can not now be questioned, was the pronouncement of this court in the *Richards* case, supra, and authorities were there cited to support the statement. When this jurisdiction attaches, the court's action is not limited by any narrow bounds, but it is empowered to stretch forth its arm in whatever direction its aid and protection may be needed. 19 Am. Jur. § 151, and cit. It may order a sale or partition when such would be for the best interest of the ward, or confirm a sale or a partition which is beneficial to such interest, although the same might be subject to such infirmities as ordinarily would avoid it. It can in a variety of circumstances make an election on his behalf, after having ascertained, through an inquiry, what action is best for his advantage. Compare 2 Pomeroy's Eq. Jur. (5th ed.), § 510, note 17, and cit.; Buswell on Insanity, § 35.

■ Applying the foregoing rulings to the averments of the petition before us, it must be held that it set forth grounds for equitable relief. It was a term-time proceeding, brought by certain heirs at law of an intestate in relation to the realty owned by their ancestor, and disclosed that there were certain persons who were non sui juris who held an interest therein, to wit, an undivided estate. The suit was filed in the proper forum, and all persons at interest were made parties. It was averred that theretofore one of the petitioners, in his representative capacity as administrator of the deceased, applied to the ordinary of said county for a division in kind of the real estate belonging to said deceased; that a division thereof was duly made by commissioners, their return being of file and record in said ordinary's office, all of which proceedings were attached as exhibits; that following the award and findings of the commissioners the respective heirs took possession of their shares and portions, all of petitioners being satisfied with the division so made, and none of the other heirs registered any objection thereto. By amendment it was prayed that the court by decree so correct an error in the return as to carry out the evident intention thereof, which alleged error did not affect any interest of the plaintiff in error. It was averred, that in said proceedings in the court of

ordinary the mentally incompetent heir and the minors were represented by their legal guardian, who was also one of the heirs at law, but no guardian ad litem was appointed to represent them; that "said division was fair, equitable, and just, and no dissatisfaction has been expressed by any one interested therein, but some objection on the part of prospective lienholders or purchasers has been made to the proceedings in the court of ordinary (the division in kind of said real estate), on account of the fact that no guardian ad litem was appointed to represent the incompetent Grady Sangster and the minor children named in the first and seventh paragraphs of this petition," and it was averred that "petitioners desire and ask this court to confirm the division heretofore made by the commissioners appointed by the court of ordinary of said county, and desire to avoid a multiplicity of suits by establishing and confirming their title and the title of the defendants named herein to their respective parts of said real estate, in order that any legal controversy may not arise with reference to the title to said real estate in the future." There was a prayer for process, and that "upon the final trial of this cause this court pass such order and decree as to the court may seem meet and proper, affording to each and all of your petitioners and to the other parties interested such relief, both legal and equitable, as they may be entitled to under the rules of equity and the laws now of force in this State; that the division heretofore made in the proceeding in the court of ordinary be confirmed by this court in said decree, and that the title to the respective shares be decreed into the respective heirs as set forth in this petition and in the exhibit attached hereto." The exhibits showed that a portion of the land lay in Dooly and a portion in Charlton County.

The foregoing is a sufficient analysis of the pertinent portions of the petition to show that a court of equity had power to grant the relief prayed for; and a case falling within its jurisdiction of the estates of wards of chancery was presented. In the same suit it could also grant full relief to the other parties touching the subject-matter of the suit. Code, § 37-105.

■ Error is assigned on certain portions of the decree, based on the insistence that the petition is fatally defective. Such assignments are in effect decided adversely to the plaintiff in error by the rulings already announced. Other exceptions are taken to the de-

cree, based on the contention that the proceedings before the ordinary were void, for various reasons which were urged. It is not necessary to deal with these seriatim, or to decide whether the infirmities pointed out were fatal to the validity of the division in kind in the probate court, although on their face some of them appear to be rather serious. The basis of the relief sought in the present petition is not the fact that these proceedings before the ordinary accomplished the result intended, to wit, the division of the lands between the heirs. Instead, the complainants exhibited with their pleadings a copy of the entire proceedings in relation to the division in kind, and asserted that while no dissatisfaction had been expressed by any one interested therein, nevertheless certain prospective lienholders or purchasers had registered certain objections on account of the fact that no guardian ad litem was appointed by the ordinary for one or more of the heirs non sui juris. Relief was sought in a court of equity, the statement being made that said division was fair, equitable, and just, and it was prayed that this court confirm the division already made, and pass such order and decree as gives to each of the parties such relief as he may be entitled to. A decree, based on a verdict finding that the division was and is just, impartial, and equal as between the several distributees, ratifying, confirming and affirming the same, can not be successfully attacked on account of any inherent defects in the original proceedings so ratified and confirmed.

The jury returned a special verdict. One of their findings was that before the date of the filing with the ordinary of the proceedings looking to a division in kind of the property, the ordinary had granted leave to the administrator to sell the lands of the estate. The plaintiff in error excepts to that portion of the decree which declares that the said order to sell in no way affects the title to the property involved. The predicate of this insistence is that the mere granting of the order was a judgment, one effect of which was to intercept the devolution of the title from the deceased ancestor to the heirs at law. This order was entered on the application of the administrator. It gave him leave to sell. It did not order him to do so. Thereafter it was the administrator, in his official capacity, who filed the proceeding before the ordinary, praying that the same lands be divided in kind between the heirs at law. The same person who was the administrator was one of the heirs who brought the

694

petition in the instant case. Before the heirs are deprived of their right of inheritance, there not only must exist a necessity that the lands be sold by the administrator either to pay debts or to make distribution, the order granting leave to sell being evidence of such necessity, but also that the administrator actually sold the same. It is the sale under the order that divests the title. *Merritt* v. *Jones,* 136 *Ga.* 618 (71 S. E. 1092) ; *Copelan* v. *Kimbrough,* 149 *Ga.* 683 (102 S. E. 162) ; *Isom* v. *Nutting,* 153 *Ga.* 682, 687 (113 S. E. 197) ; *Robinson* v. *Smith,* 159 *Ga.* 269, 276 (125 S. E. 593).

■ Another exception challenges the correctness of that portion of the decree which authorizes the administrator to deduct from the funds of the estate in his hands the sum allowed him by the court of ordinary for his services in conducting farm operations on the lands of the deceased. The contention is that the same was without any finding of facts to support it, and exceeded the range of the issues submitted. The jury's verdict contained a finding that the administrator did, under the avowed authority of the court of ordinary, conduct in good faith farming operations on the lands of the deceased, and that such farming operations resulted in profit to those beneficially interested. There was no motion for new trial, and no brief of the evidence is in the record. This court is bound to assume that there was proof sufficient to support the finding of the jury. There is nothing in the record to indicate the amount the ordinary allowed the administrator. The Code authorizes the allowance of extra compensation to administrators. § 113-2008. In the absence of anything to the contrary, it is to be presumed that the proof was definite and satisfactory as to the extra services, and the amount paid therefor was shown to be reasonable and fair. As to the other prong of the objection, that the finding exceeded the range of the issues submitted, it is enough to cite some of the authorities which hold that although the pleadings may not present the whole issue covered by the verdict and judgment, yet if it be fully made by the evidence without objection, it is too late after verdict to complain. An early ruling to that effect was *Howard* v. *Barrett,* 52 *Ga.* 15. Many similar decisions have followed in its wake. A later case dealing with the same principle was *Mell* v. *McNulty,* 185 *Ga.* 343 (195 S. E. 181). This exception presents no ground for reversal.

■ The assignment of error relating to that part of the decree

which fixed the costs is without merit, since no abuse of discretion is shown.  Code, § 37-1105.

*Judgment affirmed.  All the Justices concur.*