TURNER, guardian, *et al. v.* PRIGMORE.

No. 15856.   JUNE 12, 1947.

*D. W. Mitchell, W. H. Bolling,* and *C. W. K. Meacham,* for plaintiffs.

*C. G. Milligan, McClure & McClure,* and *Wade Leonard,* for defendant.

DUCKWORTH, Presiding Justice. (After stating the foregoing facts.) The first and second grounds of objection to the allowance of the intervention may be disposed of together. The first objection, that the contract with the real estate agent Richey is not one which the guardian could legally enter into, is obviously without merit. By the Code, § 49-213, it is provided that "Guardians may make contracts for labor or service, for the benefit of the estates of their wards, upon such terms as they may deem best." Certainly finding a purchaser for property is rendering service to one for whom it is sold. It is further provided in the said section that "all such contracts made in good faith shall be a charge upon and bind said estates whenever the same shall be approved by the ordinary of the county." Manifestly the "county" here meant is the county wherein jurisdiction of the guardianship lies. The Ordinary of Catoosa County, Georgia, would not, as conceived by the plaintiffs in error have jurisdiction of the guardianship here, since it is shown by the record that the guardian and wards were all domiciled in Hamilton County, Tennessee, and the appointment of guardian was properly made by the County Court of the County of Hamilton in that State. It was not essential, however, that the contract here involved be approved only by that court. Here is presented the case of a foreign guardian coming into a superior court of this State—as authorized by acts of the legislature codified in the Annotated Code as §§ 49-203 and 49-204—a court which on its equity side has had jurisdiction over the persons and property of infants from a very early period, a jurisdiction which is broad, comprehensive and plenary. *Richards v. East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 614 (1) (33 S. E. 193, 45 L. R. A. 712). Discussing the broad jurisdiction of equity

of the estates of wards of chancery, this court in *Sangster* v. *Toledo Manufacturing Co.*, 193 *Ga.* 685, 691 (19 S. E. 2d, 723), said: "That the jurisdiction of equity of the estates of wards of chancery is broad, comprehensive, and plenary, can not now be questioned, was the pronouncement of this court in the *Richards* case, supra, and authorities were there cited to support the statement. When this jurisdiction attaches, the court's action is not limited by any narrow bounds, but it is empowered to stretch forth its arm in whatever direction its aid and protection may be needed. 19 Am. Jur. § 151, and cit. It may order a sale or partition when such would be for the best interest of the ward, or confirm a sale or a partition which is beneficial to such interest, although the same might be subject to such infirmities as ordinarily would avoid it. It can in a variety of circumstances make an election on his behalf, after having ascertained, through an inquiry, what action is best for his advantage." See also *Orr* v. *Orr*, 197 *Ga.* 866 (30 S. E. 2d, 900).

In *Ethridge* v. *Pitts*, 152 *Ga.* 1 (1) (108 S. E. 543), it was ruled: "In this State the superior court since first established has been the court of equity, and as such has had jurisdiction, on petition, to which minors were parties (plaintiffs or defendants), to render during term decretal orders authorizing guardians to sell the lands of their wards, whether held by legal or equitable title." In the second headnote in the same case, it was held: "The court of equity was not deprived of such jurisdiction by the statutory adoption of the Code of 1863, which declared (§ 1779) that 'All sales of any portion of the property of the ward shall be made under the direction of the ordinary, and under the same rules and restrictions as are prescribed for sales by administrators of estates.' Nor did the incorporation of the same provision in the Code of 1868, § 1819, have such effect."

It is clear, therefore, that, where a ward is brought into the jurisdiction of a court of equity, such court may order or approve a sale of the ward's property for reinvestment, notwithstanding the fact that by the Code, provision is made for approval by the ordinary of contracts made by a guardian.

Nor is the petition for intervention subject to the objections that it seeks to add a new and distinct cause of action and party. The proceeding here is not one at law but in equity, and the intervention, when allowed, does not alter its nature. The intervenor

takes the case as he finds it. *Continental Trust Co.* v. *Sabine Basket Co.,* 165 *Ga.* 591, 597 (141 S. E. 664); *City of Baxley* v. *Drew,* 190 *Ga.* 486, 489 (1) (9 S. E. 2d, 751). Interventions necessarily bring in one or more new parties but, since their allowance is provided by law, they are not, when otherwise allowable, subject to the objection that a new cause of action or a new party is sought to be added to the original proceeding. The petition for intervention was properly allowed here. It shows that the sale sought to be made by the petitioner to an interested buyer was one which was developed through the efforts of the real-estate agent, Fay Prigmore. A just commission might reasonably be found by the judge to be a proper and legal item of expense in connection with the sale to be made on behalf of the wards. The judge, having exercised jurisdiction on the question of the sale of the property of the wards for reinvestment in United States bonds, had the right to retain jurisdiction for the purpose of passing upon the claim of the intervenor to a just and reasonable commission for producing the buyer of the property, thus rendering full and complete relief to all parties to the cause. Code, § 37-105; *Hall* v. *English,* 47 *Ga.* 511 (2); *Mitchell County* v. *Hudspeth,* 151 *Ga.* 767 (1-a) (108 S. E. 305); *Kidd* v. *French,* 188 *Ga.* 492, 496 (4 S. E. 2d, 187); *McCord* v. *Walton,* 192 *Ga.* 279 (3) (14 S. E. 2d, 723); *Kniepkamp* v. *Richards,* 192 *Ga.* 509 (4) (16 S. E. 2d, 24); *Mendenhall* v. *Stovall,* 195 *Ga.* 492, 494 (1) (24 S. E. 2d, 795). It follows from the above that the judge did not err in overruling the motion to disallow the intervention.

*Judgment affirmed. All the Justices concur.*