DOOLEY *et al. v.* SCOGGINS.

CANDLER, Justice. 1. "Where a writ of error is sued out by one party who is entitled to except, an amendment may be made in the Supreme Court adding as plaintiffs in error the names of all other persons who were coparties with the plaintiff in error in the court below and who may appear from the record to be proper or necessary parties plaintiff in error." *Ramey* v. *O'Byrne,* 121 *Ga.* 516 (2) (49 S. E. 595); *Southern Railway Co.* v. *Lancaster,* 149 *Ga.* 434 (100 S. E. 380); *Bowen* v. *Holland,* 182 *Ga.* 430 (185 S. E. 720).

2. "Under the general, inherent powers of a court of equity, the judge of the superior court, presiding as chancellor, is specially vested with the authority and power to superintend and care for both the person and property of a minor. Where a petition is filed relative to an infant's estate or person, which seeks relief against several persons, one of whom is a resident of the county where the petition is filed, the superior court acquires jurisdiction, and the infant immediately becomes a ward in chancery." *Chase* v. *Bartlett,* 176 *Ga.* 40 (2) (166 S. E. 832). The jurisdiction of a court of equity over the estates of wards in chancery is broad, comprehensive, and plenary. *Richards* v. *East Tenn., Va. & Ga. Ry. Co.,* 106 *Ga.* 614 (1) (33 S. E. 193); *Sangster* v. *Toledo Manufacturing Co.,* 193 *Ga.* 685, 691 (2) (19 S. E. 2d, 723); *Turner* v. *Prigmore,* 202 *Ga.* 377 (1) (43 S. E. 2d, 259).

3. In a petition brought by a life tenant against her children, as remaindermen under a deed, seeking a sale of land that they owned and for the proceeds to be reinvested in their names in another tract of land lying in a county of this State where such children resided, one being a person non compos mentis and several being minors, the superior court of such county had jurisdiction, in term time, after personal service on all defendants and with guardians ad litem appointed and acting for all persons not sui juris, to authorize such sale and reinvestment, although the land to be sold was located in another county of this State; and upon a verdict, decree of the court, and sale through a person appointed and qualified for such purpose, such deed to said

land, together with the proceedings upon which said authority was based, was competent to be pleaded defensively and to be used as evidence upon the trial, in a suit in ejectment brought many years later in the county where the land is located by the parties who were defendants or successors of defendants in the previous suit, and who, in the ejectment suit, were proceeding, as plaintiffs, against the purchaser of the land, as defendant. And there is no merit in the contention here made that such a suit was one respecting title to land which would have to be brought in the county where the land lies. *Owenby* v. *Stancil*, 190 *Ga.* 50 (8 S. E. 2d, 7); *Bond* v. *Ray*, 207 *Ga.* 559, 561, 562 (63 S. E. 2d, 399); art. VI, sec. 14, par. 2, Constitution of Georgia (Code, Ann., § 2-4902); Code, § 3-203. Such a petition did not require the sanction of the trial judge before being filed, since it did not seek extraordinary equitable relief or remedy. Code, § 81-113; *Atlanta Real Estate Co.* v. *Atlanta National Bank*, 75 *Ga.* 40; *Wynne* v. *Fisher*, 156 *Ga.* 656 (4) (119 S. E. 605); *Simmons Hardware Co.* v. *Timmons*, 180 *Ga.* 531 (1) (179 S. E. 726). Accordingly, as against objections interposed on grounds of immateriality and want of jurisdiction of the court in the previous case, there was no error in overruling such objections or demurrers or in admitting the said evidence or in directing the verdict in favor of the defendant in the ejectment suit or in overruling the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

No. 17503. ARGUED JUNE 11, 1951—DECIDED JULY 10, 1951.

*Erwin Sibley*, for plaintiffs in error.

*J. B. G. Logan, Wheeler, Robinson & Thurmond*, and *R. C. Scott*, contra.