FIRST NATIONAL BANK OF ATLANTA, executor, *et al. v.*
ROBINSON *et al.*

No. 18092.   ARGUED JANUARY 15, 1953—DECIDED FEBRUARY 24, 1953.

*Moise, Post & Gardner* and *John L. Tye Jr.,* for plaintiffs in error.

*Lewis S. Pope, James A. Branch, Spalding, Sibley, Troutman & Kelley, Parker & Parker* and *Mitchell & Mitchell,* contra.

HAWKINS, Justice. (After stating the foregoing facts.) While this court has held in a number of cases that the protective powers of a court of chancery over trust estates and the

estates of wards of chancery are "broad, comprehensive, and plenary" (*Orr* v. *Orr,* 197 *Ga.* 866, 30 S. E. 2d, 900; *Turner* v. *Prigmore,* 202 *Ga.* 377, 43 S. E. 2d, 259; *Dooley* v. *Scoggins,* 208 *Ga.* 200, 66 S. E. 2d, 62, and cases there cited), it will be noted that in all such cases the power is exercised to protect and not destroy trust estates and estates of wards in chancery. There are other equally well settled principles of law which preclude a court of equity from exercising the power sought in the instant case, which, if granted, would in effect destroy the will of a testator, write another will for him, destroy the trust estate created by the will of the testator, and create in its place another trust extending over a period of more than one hundred years, far beyond the time and intent of the original trust, and prevent a vesting of title in the beneficiaries to the property involved as provided by the terms of the will. Some of those principles are: That a testator, by his will, may make any disposition of his property not inconsistent with the laws or contrary to the policy of the State (Code, § 113-106); that, in all cases involving wills, the court shall seek diligently for the intention of the testator and give effect to the same as far as it may be consistent with the rules of law (Code, § 113-806); and that "Every will is a thing to itself. It is emphatically not only *sui juris* but *sui generis.* Its terms are its own law, and the application of that law by construction of itself—of the statute which the testator himself enacted, to the contestants for its bounty, is the plain duty of the court." *Olmstead* v. *Dunn,* 72 *Ga.* 850, 855; *Stringfellow* v. *Harman,* 207 *Ga.* 62, 64 (60 S. E. 2d, 139). "It is a general rule that the intentions of the testator must be sought in construing a will, but the court has no power to devise a new scheme or to make a new will." *Bramblett* v. *Trust Company of Ga.* 182 *Ga.* 87, 94 (185 S. E. 72). Under the terms of the will here involved, it is clear that the testator intended that the remaindermen should take "in fee simple and free from any and all trusts of every character." Our law defines a fee-simple estate as follows: "An absolute or fee-simple estate is one in which the owner is entitled to the entire property, with unconditional power of disposition during his life, and which descends to his heirs and legal representatives upon his death intestate." Code, § 85-501. In authorizing his

executors and trustees to execute leases upon any portion of his property, he limited such power to "terms not extending beyond the several dates herein fixed for the distribution thereof," and in authorizing them to make such other contracts as may be needful to the proper management of his estate, that power was limited to the extent that it was not to "conflict with the limitations herein expressly imposed upon their powers." To authorize the execution by the executors and trustees of the contract here sought, would be to disregard the clear, unequivocal wishes and intentions of the testator as expressed in his will, and, in effect, to make a new will for him after his death. It would be tantamount to the appointment of a commissioner by the court to take charge of and hold this property in the custody of the court for more than one hundred years, with the right in the lessee to purchase at a fixed price, or at another price to be arrived at by the method provided under the contract, during that period of time, but the lessee being under no obligation to do so, thus preventing any of those remaindermen who are now in life from ever becoming the fee-simple owner of his or her interest in the property "free from any and all trusts of every character," and with unconditional power of disposition during his or her lifetime. A court of equity has no such power, and the trial court did not err in sustaining the demurrers to the petition.

What is here ruled is not in conflict with the decision of this court in *Palmer Brick Co.* v. *Woodward,* 135 *Ga.* 450 (69 S. E. 827). That case is distinguishable from the present one for the reason that the instrument creating the trust contained no such restrictions or limitations as are contained in the will here involved.

Since the foregoing ruling is controlling, it is unnecessary to pass upon the question raised by the exception to the judgment on the special demurrer to a portion of the amendment to the petition.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*