EWING *v.* FIRST NATIONAL BANK OF ATLANTA,
executor, *et al.*

No. 18240. ARGUED JUNE 9, 1953—DECIDED JULY 13, 1953—REHEARING
DENIED JULY 27, 1953.

*Lewis S. Pope* and *James A. Branch,* for plaintiff in error.

*Moise, Post & Gardner, Antha Mulkey, Spalding, Sibley, Troutman & Kelley, John L. Tye Jr.,* and *Benjamin M. Parker,* contra.

ALMAND, Justice. The executors and trustees of the will of James W. English filed their petition in Fulton Superior Court, and prayed that the court take jurisdiction of certain real property, a part of the trust estate, wherein they sought authority to modify an existing lease executed by the testator to M. Rich & Bros. Co., and to execute a proposed lease to the same lessee, with an option to buy; that a commissioner be appointed by the court to carry out the orders and directions imposed by the final decree; and that the executors and trustees, as officers of the court, be empowered to execute said modification and lease. All the persons who were beneficiaries of the trust established by the will of James W. English were made parties defendant except two beneficiaries who were executors and trustees, and who were parties plaintiff in their individual and representative capacities. A guardian ad litem was appointed for the minors. Mrs. Emily Robinson Ewing, a granddaughter of the testator, and others of the same class, were by order of court designated as representatives of a class consisting of all grandchildren and great-grandchildren of the testator who were in life or yet unborn. All of the defendants who were of age except Mrs. Ewing, and the guardian ad litem of the minors, filed

answers to the petition, in which they conceded that it was to the best interest of the estate that the proposed lease instruments be executed. Mrs. Ewing's general demurrers to the petition as amended were sustained and the petition was dismissed. On appeal to this court, the judgment of the trial court was sustained. *First Nat. Bank of Atlanta* v. *Robinson,* 209 *Ga.* 582 (74 S. E. 2d, 875).

On October 30, 1952, Mrs. Ewing filed her application in the case, setting up that in resisting the application of the trustees and executors she had incurred expenses and obligations which should be taxed as costs in the case, to be paid out of the trust estate, and prayed that the court amend its judgment of dismissal by designating as a part of the costs the expense incurred by her, including fees for counsel employed by and representing her in said case. Subsequently, on March 16, 1953, this application was amended, in which amendment it was recited that, on appeal of the trustees and executors, the counsel employed by her had filed briefs and argued the case in the Supreme Court, and that the judgment of that court sustained the position and contentions of her attorneys. When the application of Mrs. Ewing came on to be heard, the trial court, on oral motion of counsel for the plaintiffs, dismissed it. A bill of exceptions, assigning error on this order, brings the case here for review.

The allowance and taxing of costs in equitable actions lies within the discretion of the trial court. Code, § 37-1105; *Peninsular Naval Stores Co.* v. *Culbreth,* 162 *Ga.* 474 (134 S. E. 608). As a general rule, in the absence of statutory authority, a court of equity cannot under ordinary circumstances, in an adversary proceeding, allow attorneys fees to the prevailing party. *Eckford* v. *Borough of Atlanta,* 173 *Ga.* 650, 652 (3) (160 S. E. 773). There is a generally recognized exception to this rule, and that is: a court of equity in its discretion may, by order, allow counsel fees to a party who at his own expense has maintained a successful suit for the protection or increase of common property or a common fund. *Trustees* v. Greenough, 105 U. S. 527 (26 L. ed. 1157) ; *Hobbs* v. McLean, 117 U. S. 567 (6 Sup. Ct. 870, 29 L. ed. 940). This principle has been recognized and approved in *Porter* v. *Stewart,* 163 *Ga.* 655 (137 S. E. 28) ; *Eckford* v. *Borough of Atlanta,* supra, and *Georgia*

*Veneer & Package Co.* v. *Florida National Bank,* 198 *Ga.* 591 (3) (32 S. E. 2d, 465). In the last-cited case, this court quoted with approval the following statement from Hobbs *v.* McLean, supra: "When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts." P. 615. The general rule as to allowance of attorneys' fees to a beneficiary of a trust is stated in Re Atwood's Trust, 227 Minn. 495 (35 N. W. 2d, 736, 9 A. L. R. 2d, 1126), as follows: "In the sound and cautiously exercised discretion of the court, and not as a matter of right, attorneys' fees and other expenses reasonably and necessarily incurred by all necessary parties to litigation may be allowed and properly charged to the trust estate where such litigation, with respect to substantial and material issues, is necessary in order to resolve the meaning and legal effect of ambiguous language used by the settlor in the trust instrument, if an adjudication thereof is essential to a proper administration of the trust, and if, without unnecessary expense or delay, the litigation is conducted in good faith for the primary benefit of the trust as a whole." For an exhaustive and comprehensive annotation on this subject, see 9 A. L. R. 2d, 1132.

In upholding an allowance of counsel fees to certain beneficiaries who successfully obtained a construction of a testamentary trust, it was held in Field *v.* Field, 297 Ill. 379 (130 N. E. 748): "Where the questions in controversy affect the rights of all the parties to the trust, and the decision thereof will serve as a guide to the trustees in the future performance of their duties, the costs should be charged against the trust fund as a whole, and not against any particular portion of it." In Central Trust Co. *v.* Harris, 152 Kan. 296 (103 Pac. 2d, 902), the trustee sought instructions from the court as to the management of the trust estate. Some of the beneficiaries resisted this application on the ground that the intention of the testator would not be carried out if the court granted the instructions requested by the trustee, and obtained a ruling in their favor. The applica-

tion of these beneficiaries for allowance of attorneys' fees was denied by the trial court, on the ground that it did not have authority to make such an allowance. Rejecting the argument of the trustees that the attorneys for the beneficiaries only represented a part of the beneficiaries of the trust and were not entitled to an allowance of counsel fees, the Supreme Court of Kansas, in reversing the trial court, said: "It was necessary that there be attorneys to present to the court the opposite side from that presented by the trustees, and it is not equitable that these beneficiaries should be compelled to pay this fee out of their personal assets." For other authorities of like tenor, see Garrison v. Garrison, 354 Mo. 62 (188 S. W. 2d, 644) ; Clarke v. Clarke, 246 Ala. 170 (19 So. 2d, 526) ; Mairs v. Central Trust Co., 127 W. Va. 795 (34 S. E. 2d, 742) ; Rezzemini v. Brooks, 236 N. Y. 184 (140 N. E. 237) ; In re Kennedy's Estate, 141 Pa. 479 (21 Atl. 671) ; De Korwin v. First National Bank of Chicago, 84 Fed. Supp. 918; Wallace v. Fiske, 80 Fed. 2d, 897; In re Buckton (1907), 2 Ch. 406. In the case last cited, the court said: "In a large proportion of the summonses adjourned into court for argument the applicants are trustees of a will or settlement who ask the court to construe the instrument of trust for their guidance, and in order to ascertain the interests of the beneficiaries, or else ask to have some question determined which has arisen in the administration of the trusts. In cases of this character I regard the costs of all parties as necessarily incurred for the benefit of the estate, and direct them to be taxed as between solicitor and client and paid out of the estate." P. 414.

Counsel for the defendants in error contend that, since the applicant did not either bring any property or fund into the court, or increase any fund or property under the control of the court, and there was no fund in court preserved by her action opposing the application of the trustees and executors for direction, a court of equity has no power to award attorneys' fees out of the trust estate. In support of this contention, they cite *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005) ; *Alexander* v. *Atlanta & West Point R. Co.,* 113 *Ga.* 193 (38 S. E. 772, 54 L. R. A. 305) ; *Buckwalter* v. *Whipple,* 115 *Ga.* 484 (3) (41 S. E. 1010) ; *Christian Women's Benevolent Assn.* v. *Atlanta Trust Co.,* 181 *Ga.* 576 (183 S. E. 551) ; *Stovall* v. *Mendenhall,*

192 *Ga.* 796 (16 S. E. 2d, 546), and *Georgia Veneer &c. Co.* v. *Florida Nat. Bank,* 198 *Ga.* 591, supra. None of these cases involved litigation between the trustees and the beneficiaries of the trust estate, or the control, management, and disposition of the same. The *Mohr-Weil* case involved property in receivership, and it was held: "No party is entitled to such an allowance out of the proceeds of property which he, for his exclusive benefit and to the injury of his adversary, causes to be placed in the hands of a receiver." The same ruling was applied in *Stovall* v. *Mendenhall.* See also *Mendenhall* v. *Stovall* (same case), 191 *Ga.* 452 (12 S. E. 2d, 589). In *Buckwalter* v. *Whipple* and *Georgia Veneer &c. Co. Florida Nat. Bank,* the fund was in the hands of either a receiver or the court. *Christian Women's Benevolent Assn.* v. *Atlanta Trust Co.* involved an effort by intervenors to be allowed attorneys' fees out of property already in court, and an allowance was refused because the suit resulted in no benefit to the corporation or bondholders. In *Alexander* v. *Atlanta &c. R. Co.,* as was pointed out in *Georgia Veneer &c. Co.* v. *Florida Nat. Bank,* expenses and counsel fees were not allowed on petition of minority stockholders, for the reason that the action was predicated upon the individual right of the petitioners, and not upon that of the corporation, and that no common fund of the corporation was brought under the control of the court. In this last-cited case, the corporate property was under the control of the court, and attorneys' fees were allowed out of this property. This court there stated: "It, therefore, can not now be said to be an open question in this State as to whether or not the judge in a proper case in equity is authorized to direct payment from a common fund of counsel fees and expenses of the petitioners who bring such property or funds under the control of the court. To grant relief in such cases is the exclusive function of the trial judge, with which the jury is not concerned." Pp. 616, 617.

In the case at bar, the property which the trustees and executors sought authority to lease and grant an option to the lessee to buy, was in the court, one of the prayers of the petition being "That the court take jurisdiction of the property identified and described in paragraph 1 of Exhibit 'F' of this petition and take jurisdiction of this proceeding, and thereafter hold and

retain jurisdiction over said property until the termination of the proposed lease and options therein, as more particularly set forth in Exhibit 'F', attached to and incorporated into this petition, for the purpose of passing such orders in this case that may hereafter be proper, desirable or necessary." The trustees and executors were amenable and subject to the supervision of the court in the management of the trust estate. Several of the beneficiaries of the trust estate were minors and wards of chancery. "To preserve a trust estate, to supervise its management, to hold the trustee to the line of duty, for the purpose of preserving its corpus for the benefit of the beneficiaries, is an elementary branch of equity jurisprudence. *Johns* v. *Johns*, 23 *Ga.* 31; *Knight* v. *Knight*, 75 *Ga.* 386 (3)." *Clark* v. *Clark*, 167 *Ga.* 1, 19 (144 S. E. 787), and cases cited. In the instant case, the trustees and executors, in their action seeking to obtain authority to execute a lease with an option to the lessee to purchase a described tract of realty of the trust estate, sought directions of the court which were contrary to the express provisions of the testator's will. Mrs. Ewing, a beneficiary, was made a party to this action, and, representing herself and a class of beneficiaries, resisted the application through her employed attorneys. Her demurrer to the application of the executors and trustees was sustained, and, on the appeal of the applicants to this court, the judgment of the trial court was sustained. *First Nat. Bank of Atlanta* v. *Robinson*, 209 *Ga.* 582 (supra). It was there said: "To authorize the execution by the executors and trustees of the contract here sought, would be to disregard the clear, unequivocal wishes and intentions of the testator as expressed in his will, and, in effect, to make a new will for him after his death. It would be tantamount to the appointment of a commissioner by the court to take charge of and hold this property in the custody of the court for more than one hundred years, with the right in the lessee to purchase at a fixed price, or at another price to be arrived at by the method provided under the contract, during that period of time, but the lessee being under no obligation to do so, thus preventing any of those remaindermen who are now in life from ever becoming the fee-simple owner of his or her interest in the property 'free from any and all trusts of every character,' and with un-

conditional power of disposition during his or her lifetime. A court of equity has no such power, and the trial court did not err in sustaining the demurrers to the petition." P. 587.

Mrs. Ewing, in resisting this application, was seeking to protect, conserve, and preserve the trust estate, and to see that the trustees and executors carried out the wishes of the testator as expressed in plain and unambiguous terms in his will. Acting for the preservation of the trust estate, it would be inequitable to say as a matter of law that she alone should bear the expense of litigation which she did not institute, and successfully resisted alone, which preserved the trust estate and prevented the trustees and executors, and other beneficiaries, from changing the testator's will, which directed how the estate should be managed and distributed.

Horatius Cocles, a legendary hero of ancient Rome, with two others, prevented the Etruscans, enemies of Rome, from crossing the Tiber River, while other Roman soldiers destroyed the bridge. It is said that the Roman authorities

"Gave him of the corn land, which was the public right;

As much as two strong oxen could plow from morn 'til night."

In the instant case, Mrs. Ewing stood alone in resisting the efforts of the trustees and executors, and other beneficiaries of the trust estate, to defeat the wishes and desires of the testator. The question of whether or not she is entitled to be reimbursed her expenses incident to this defense is not now before us, but we do hold that she is entitled to a hearing on her application for expenses and counsel fees incident to the litigation, and that the court erred in dismissing her application.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., not participating.*