18703.  CHAS. S. MARTIN DISTRIBUTING CO. *et al. v.*
COOPER *et al.*

Submitted September 14, 1954—Decided October 11, 1954.

*Frank B. Stow, Robert E. Andrews,* for plaintiffs in error.

*W. B. Gunter, James A. Dunlap, Kenyon, Kenyon & Gunter,* contra.

CANDLER, Justice. There is no contention that Mr. Gunter did not render the legal services mentioned in his application, which resulted in placing all of the assets of the debtors in the hands of the court to be fairly administered for the benefit of all their creditors. In *Mohr-Weil Lumber Co.* v. *Russell,* 109 *Ga.* 579 (34 S. E. 1005), it was held: "The bringing of a fund into court operates for the benefit of those who share in it. Compensation for services rendered in placing a fund where the court can administer it may fairly be regarded as an expense chargeable to those among whom it is distributed. The only just and reasonable basis for paying out of money brought into court the fees of the attorneys by whose services this result was produced is, that by rendering those services they did something of value to the successful claimant or claimants of the money." Also Code § 55-315 expressly provides "that in all [receivership] cases the presiding judge, or other competent tribunal, shall allow such compensation to the attorney or attorneys filing the

original petition, and the receiver or receivers appointed thereunder, as their services are reasonably worth." And in equity cases, it is the province of the judge to determine upon whom the costs shall fall. Code § 37-1105. While Mr. Gunter represented the debtors in the case at bar, he nevertheless rendered their creditors identically the same legal service and secured the same beneficial result for them which would have been produced by an original petition for receivership filed by some other attorney for one or more of his clients' creditors. To his clients' creditors he unquestionably rendered valuable legal services; and a failure to pay him reasonable compensation for those services would be contrary both to morals and the law. Compare *Buckwalter* v. *Whipple*, 115 *Ga.* 484 (41 S. E. 1010). In these circumstances we are not prepared to say that the judge was without legal authority to grant his application, and it is not insisted that the amount allowed for Gunter's fee is excessive. Accordingly, we find no error.

*Judgment affirmed. All the Justices concur.*