## 32702. BURNETTE et al. v. SOUTHERN CONSOLIDATED INNS, INC.

JORDAN, Justice.

This appeal is from the grant of attorney fees.

Joe L. Lee et al., stockholders of Southern Consolidated Inns, Inc., an insolvent corporation, sought receivership and a receiver was appointed. The receiver instituted an action against Nancy Gore et al. to collect promissory notes given for stock subscriptions. The defendants filed defensive pleadings asserting that the notes were illegal, void, usurious, and violated the Federal Truth in Lending Act; and that the sale of the stock violated the Georgia and Federal Securities Acts. Certain of the defendants filed a separate action seeking to stay the proceedings in the action against the stock subscribers. The three cases have been treated as consolidated actions. The trial judge entered an order dismissing the last case; in the case brought by the receiver against the stock subscribers he ordered the receiver to cease in his efforts to collect on the notes of the stock subscribers, finding that it was not economically feasible to proceed, and that serious questions existed regarding the enforceability of the contracts.

In his final report the receiver stated that the funds on hand were $18,321.73. He prayed that attorney fees in an amount of $8,500 be paid to attorneys representing the defendant stock subscribers in the action against Nancy Gore et al., and that the remainder of the fund be distributed among the stockholders in proportion to the amounts paid in.

The court received the report and ordered that any objections to its approval be filed within 20 days. Within this time Burnette et al., as holders of shares of common stock with an interest in the fund held by the receiver, filed their objections to the attorney fees. The court

adopted and approved the report of the receiver, and the objectors appealed from this order, assigning error on the grant of attorney fees.

Mrs. R. F. Bennett et al., defendants in the action by the receiver against Nancy Gore et al., have filed an amicus curiae brief in which they contend that the appeal should be dismissed because the appellants have no standing to bring the appeal. They further contend that there is no transcript of the evidence at the hearing on the receiver's report, and that it must be assumed that the trial judge was authorized to grant the attorney fees.

The appellants filed their objections to the receiver's report on the invitation of the court. As stockholders of the insolvent corporation they have a real interest in the fund in the hands of the receiver, which fund would be diminished by the payment of the attorney fees. They have standing to appeal from the judgment.

The judge's order approving the receiver's report states that it was entered "after argument of counsel." The order does not indicate that evidence was heard. The judge adopted the statement of facts in the receiver's report. No issue has been made in this court contravening the correctness of these facts, and we accept these facts as correct.

The defendant stock subscribers asserted that the allowance of attorney fees to them was proper under the rule in *Ewing v. First Nat. Bank of Atlanta,* 209 Ga. 932, 933 (76 SE2d 791) (1953), that "a court of equity in its discretion may, by order, allow counsel fees to a party who at his own expense has maintained a successful suit for the protection or increase of common property or a common fund."

This principle is not applicable in the present case. We note that the receiver in his findings of fact and conclusions of law stated: "The defendants through their actions protected the diminution of the corporate funds." However, this conclusion of the receiver is in direct contradiction of the facts previously stated in his statement of facts, and is an erroneous conclusion. These defendants did not protect or increase the common fund of the corporation, but rather protected their own interest by successfully resisting the efforts of the receiver to collect

the amount subscribed by them, which would have increased the common fund of the corporation. Compare *Mohr-Weil Lumber Co. v. Russell,* 109 Ga. 579 (2) (34 SE 1005) (1899); *Alexander v. Atlanta & W. P. R. Co.,* 113 Ga. 193 (38 SE 772) (1901); *Eckford v. Borough of Atlanta,* 173 Ga. 650 (160 SE 773) (1931); *Christian &c. Assn. v. Atlanta Trust Co.,* 181 Ga. 576, 581 (183 SE 551) (1935).

The defendant stock subscribers did not bring a derivative action as contemplated by Code Ann. § 22-614 (Ga. L. 1968, pp. 565, 628), and attorney fees would not be allowable under Code Ann. § 22-615.

It is obvious that Code § 20-1404, permitting a jury to allow expenses of litigation where the defendant has acted in bad faith, been stubbornly litigious, or caused the plaintiff unnecessary trouble and expense, is not applicable to the present situation.

There was no basis for the award of attorney fees to the defendant stock subscribers, and it was error for the trial judge to order such fees to be paid out of the funds in the hands of the receiver.

*Judgment reversed. All the Justices concur.*

Argued September 20, 1977 — Decided October 20, 1977 — Rehearing denied November 1, 1977.

*Blackburn & Bright, J. Converse Bright,* for appellants.